HAINES *et al. vs.* CLARY & WHALEY.

1. Where, upon the calling of a case, a motion is made to dismiss the writ of error, and immediately thereafter a diminution of the record is suggested, the latter will have precedence and will be first disposed of before the motion to dismiss is considered, even though the record, if completed, would not prevent a dismissal. The court will not dispose of any case finally with an incomplete record where a suggestion of a diminution is made on or before the calling of the case.

2. The sheriff is a necessary party to a bill of exceptions filed to the refusal to grant a new trial on the motion of complainants to a bill to enjoin certain plaintiffs in *fi. fa.* and the sheriff from proceeding with certain executions, and praying the cancellation of the same, even though the sheriff never made any defense, and the case was submitted to the jury upon certain issues of fact, upon the finding

of which the chancellor rendered a decree for the plaintiffs in *fi. fa.* that the executions do proceed.   The sheriff not having been served with the bill of exceptions, the writ of error will be dismissed.

Parties.   Practice in the Supreme Court.   February Term, 1881.

Haines and Mitchell filed their bill against Clary & Whaley, the sheriff of Wayne county, and a constable, alleging that certain executions in favor of Clary & Whaley were proceeding against them and their property illegally, were void upon numerous grounds, that they had tendered affidavits of illegality to the sheriff, who had refused to receive the same ; praying injunction, and that the *fi. fas* be called in to be cancelled.   The sheriff and Clary & Whaley acknowledged service.   The constable was never served.   Clary & Whaley answered at length for themselves, but the sheriff made no defense.   Distinct issues of fact were submitted to the jury, and on their finding, the chancellor rendered a decree in favor of Clary & Whaley that the executions do proceed.   A motion for new trial was made, rule *nisi* issued, and the motion overruled.   In all of these proceedings the case was stated as that of *Haines and Mitchell vs. Clary & Whaley*.   To the refusal of the new trial movants excepted, and Clary & Whaley acknowledged service on the bill of exceptions. The sheriff, though stated therein as a party defendant in error, was not served therewith.

When the case was called, counsel for defendants moved to dismiss the writ of error because the sheriff had not been served with a copy of the bill of exceptions. As soon as counsel for plaintiffs in error could be heard after the motion was stated, they suggested in proper form a diminution of the record.   It was replied (1) that the motion to dismiss had precedence, and (2) that the court would not do a useless act by completing the record in a case which would necessarily be dismissed.

Counsel for plaintiffs insisted that the court could not

finally dispose of any case with an incomplete record, and that therefore the motion to dismiss could not be entertained until opposing counsel admitted the record to be as stated in the suggestion, or the missing portions were supplied at the next term, and it was so ruled.

The record was then admitted to be as stated in the suggestion, and the motion to dismiss renewed, which the court sustained.

GOODYEAR, HARRIS & KAY; SYMMES & ATKINSON, by JACKSON & LUMPKIN, for plaintiffs in error.

JOHN D. RUMPH, by HARRISON & PEEPLES, for defendant.