WHATLEY *et al. vs.* BARKER *et al.*

1. A deed to a married woman and the heirs of her body conveyed a fee-simple, absolute estate to her, and her children took no interest in the property under such a deed.
2. One who seeks to avoid a contract on the ground of usury, should set out and specify the ground of usury complained of.
(*a*) Where a mortgagor sought to enjoin the enforcement of a mortgage given to secure a loan of money, on the ground that usury was charged therefor, it was incumbent on her to offer to do equity and to pay to the lender the amount actually due for principal and interest.

October 11, 1887.

Deeds. Construction. Title. Interest and Usury. Equity. Before Judge MARSHALL J. CLARKE. Fulton Superior Court. March Term, 1887.

Reported in the decision.

HULSEY & BATEMAN, for plaintiffs in error.

WILL. HAIGHT; JOHN C. REED, for defendants.

BLANDFORD, Justice.

Georgia Whatley borrowed, as she alleges by her bill, $1,500 from Margaret B. Barker, and gave her note, due at twelve months, for that sum, secured by mortgage upon certain real estate situated in the city of Atlanta, with power in the mortgagee to enter upon the premises and sell the same whenever the note should become due and unpaid. The note having become due, Margaret B. Barker, through her agents, was proceeding to execute this power of sale mentioned in the mortgage, when Georgia Whatley interposed her bill in behalf of herself and two of her minor children, praying that an injunction be granted to restrain Miss Barker from interfering with said real estate. She alleges in her bill that the property mentioned was conveyed to her and the heirs of her body, by her husband, and that these two children, plaintiffs in error, represented by her, were then in life, and that she had only a third interest in said estate, the two children having one-third each. She further alleges that the note was usurious, and that the waiver of homestead and exemption in said mortgage was therefore void. She nowhere alleges that she had taken or offered to take any homestead or exemption in this property ; and she nowhere alleges wherein the note was usurious; and simply upon the allegations stated, she asks the court for the injunction prayed for. The injunction was denied by the court, and thereupon she and her children excepted, and the case was brought here for review.

1. The deed from the husband of Georgia Whatley to her and the heirs of her body conveyed the fee-simple, absolute estate in the property thus conveyed, to Georgia Whatley herself; and her children took no interest in the property under that deed.

2. One who seeks to avoid a contract on the ground of usury, should set out and specify the usury complained of. Furthermore, in this case there was no offer on the part of

Georgia Whatley to pay to Margaret B. Barker the sum that was actually due her for principal and interest; and it is a well-settled principle in equity that he who seeks equity must do equity. Before a court of equity will lend its aid, she must come into court with clean hands, and offer to do full and complete equity to her adversaries. We think there was no error on the part of the court in refusing this injunction.

Judgment affirmed.