BRANTLEY & BROTHER *v.* WOOD & BROTHER.

The instrument involved in this case was a mortgage, and not a deed; and though, under the allegations of the petition, the mortgage was infected with usury, it was not thereby rendered absolutely void, and the exercise of the power of sale therein contained could not, upon that ground alone, be legally enjoined. The court, therefore, committed no error in requiring, as a condition precedent to the granting of an injunction, that the debtor should pay the principal and legal interest of the debt secured by such mortgage.

February 10, 1896.

Petition for injunction. Before Judge Gamble. Johnson county. August 28, 1895.

On January 15, 1892, T. J. Brantley & Brother, a firm composed of T. J. and J. F. Brantley made to J. S. Wood & Brother a mortgage on a large amount of realty and personalty, to secure the payment of a promissory note due October 15, 1892, as well as any further advances they might procure of Wood & Brother before the maturity of said note, together with any interest, attorney's fees and commissions arising therefrom. The mortgage contained a waiver of homestead, and a power (at the option of the mortgagees) to take possession of the property and sell all or any of it at public or private sale, upon ten days notice, and to pass good and sufficient titles to the same. On March 16, 1894, in renewal of the indebtedness secured by the mortgage, the mortgagors executed to A. F. Daley, as trustee, an instrument in brief as follows: The parties of the first part are indebted to J. S. Wood & Brother upon a promissory note of even date with this instrument, for $3,350 due on October 15, 1894, said note stipulating for the payment of all cost of collection, including ten per cent. attorney's fees, and containing a waiver of homestead, etc.; also, upon a cotton contract, or contract to ship cotton to Wood & Brother by maturity of said note, in the ratio of one bale to every $10 in the amount of said note and con-

tract, with liquidated damages agreed upon at $1.50 per bale for failure so to ship.   For the purpose of securing the payment of  said indebtedness with accruing interest, whether represented as above or by any renewal thereof at the option of said party of the second part, and the performance of said cotton contract and the covenants hereinafter set out, the parties of the first part do grant, bargain, sell, alien, remise, release, convey and confirm unto the party of the second part and his successors in trust, certain land and personalty, describing the same, and for better description of the property they refer to the mortgage before mentioned, which mortgage and every part thereof remains unpaid, and which is not intended to be cancelled by this deed, but shall stand of full force and effect until fully paid off and discharged, the above described note being for a renewal of the principal and interest in said mortgage, for the cost of drawing this paper, and for a small open account. The above described property, together with all improvements etc., and all right, title, interest, claim and demand to the same, to have and to hold to said party of the second part and his successors in the trust forever, upon the following trusts and not otherwise: (1) to permit the parties of the first part to use, occupy and enjoy the property so long as the covenants herein set out are observed by them, until default is made in the payment of any of said indebtedness, whether of principal or interest, or in the performance of the cotton contract; and upon full payment of said indebtedness and performance of said contract at any time before the sale hereinafter provided for, to release and reconvey the property.   The parties of the first part shall pay all charges, cost, taxes, insurance or other legal burdens "by which in any way the above indebtedness may be defeated or its collection impaired, or whether this may happen or, and if the parties of the first part shall fail to pay any of the charges, the trustee may put out said charges and insurance," and the same after being paid shall become a part of

the indebtedness hereby secured, and bear interest at 8 per cent. in the same manner as any other interest hereby secured; and when any of said charges become due or are paid by the trustee, the whole of the indebtedness hereby secured; and when any of said charges become due or are may proceed by any of the remedies allowable hereunder, for the full amount of said indebtedness, principal and interest, whether the same be otherwise due or not, and may likewise proceed as to the liquidated damages. (2) Upon default being made upon the principal or interest or damages due, or upon failure to observe the covenants herein set out, and upon the trustee giving ten days notice to the parties of the first part, with such default continuing, to sell said property at public outcry at the court-house door, after advertisement once a week for four weeks, and to convey the property in fee simple to the purchaser, who shall not be required to look to the application of the purchase money. This remedy is cumulative of all other remedies allowed by law for the enforcement of said indebtedness and its collection; and the trustee is empowered to use all legal remedies for that purpose, and to employ an attorney or attorneys at the cost and expense of the parties of the first part; and the expense of sale may include an auctioneer. (3) To pay all proper cost and charges incident to the sale and to any proceeding under this deed, and all taxes, assessments and insurance due on the property, including a reasonable attorney's fee not exceeding ten per cent. of the amount due, for any legal services required by the trustee; also, to retain, as compensation for making the sale or instituting legal proceedings, or collecting said debt in case the same is required to be settled or compromised after maturity, ten per cent. of the amount of principal or interest due at the time of sale or of settlement or compromise; also, to apply the net balance then remaining, to the satisfaction of said indebtedness whether due or not; and lastly, to pay any balance remaining to the parties of the first part.

Upon the death, resignation or disqualification of the trustee, J. S. Wood & Brother have power to appoint another trustee, who shall be invested with all the powers given to the trustee hereunder; the power to remove any trustee being irrevocably vested in Wood & Brother. Then follows a covenant that the parties of the first part are the true and lawful owners, etc., and a warranty of title as against all claims except the before named mortgage in favor of Wood & Brother.

Default having been made in the payment of the indebtedness, Daley as trustee advertised the property for sale on the first Tuesday in August, 1895; and Brantley & Brother brought their petition for injunction, and for cancellation of the trust deed as void for usury. The material allegations of the petition were denied in the answer of the defendants, who also filed a demurrer on the grounds, that petitioners had no right to the relief prayed for, and that they had failed to pay or tender the principal and legal interest due. Upon the hearing the court ordered, that upon payment by plaintiffs of the principal sum due, with lawful interest, to wit $2,613.76, within thirty days, the sale be enjoined; otherwise that the injunction be refused; and that plaintiffs and their agents be enjoined, as prayed by defendants, from cutting and selling timber from the mortgaged premises. To this judgment plaintiffs excepted.

The pleadings contain numerous allegations, but the substantial contentions of the plaintiffs are: that the contract for liquidated damages for failure to ship cotton is a device to evade the usury laws, and renders the conveyance usurious *per se;* that this conveyance is void for usury, being a conveyance of title and not a mere mortgage; and that if the same be construed as a mortgage, the homestead waiver therein is void on account of said usury, and a sale thereunder would defeat plaintiff's right to a homestead in the property.

*William Faircloth, V. B. Robinson, Evans & Evans* and *Felder & Davis,* for plaintiffs.

*A. F. Daley,* for defendants.

LUMPKIN, Justice.

The nature of the instrument involved in this case will appear from the abstract of its contents set forth in the official report.

After a careful examination and consideration of all its provisions, we hold that this instrument was a mortgage, and not a deed; and therefore, even if it was infected with usury, it was not absolutely void, and an exercise of the power of sale contained in it could not, upon that ground alone, be lawfully enjoined. We do not now decide whether the plaintiffs were, or were not, entitled to an injunction under the evidence submitted. But assuming that they were, the court very properly required, as a condition precedent to the granting of this relief, that they should first pay the principal and interest legally due on the debt secured by the mortgage. This requirement rests upon the time-honored maxim that "He who seeks equity must do equity." Upon this point, the case of *Whatley et al.* v. *Barker et al.,* 79 *Ga.* 790, is controlling; and there would be no difficulty in supporting the doctrine there laid down, by citing additional decisions made by this and other courts, to the same effect, if its correctness was a matter of serious question.

*Judgment affirmed.*