McCRAW *et al.,* executors, *v.* WEBB *et al.*

1. Where executors are proceeding to sell land as the property of their testator under an order from the court of ordinary, and four persons file a joint claim to an undivided interest in the land, it is. not error to allow, at the instance of the claimants, an amendment striking the names of three of them from the claim affidavit.

2. A deed was executed in 1859, between Lueco M. Moore of the one part and James M. D. Webb and his wife of the other part, for and in consideration of $3,800, wherein the grantor conveyed to James M. D. Webb and Elizabeth F. Webb a certain tract of land, "to have and to hold the said tract or parcel of land unto the said James M. D. Webb and his wife Elizabeth F. Webb, for her, his wife Elizabeth F. Webb, her heirs and issue by the said James M. D. Webb, she, the said Elizabeth F. Webb, furnishing two thirds of the purchase-money, and the said James M. D. Webb conveying and by these presents do convey unto his wife, the said Elizabeth F. Webb, and her issue by the said James M. D. Webb his interest in said land," with warranty of title to James M. D. Webb and Elizabeth F. Webb, and signed only by the grantor. *Held*, (1) That the acceptance of the deed by James M. D. Webb, containing the stipulation that by the deed he was conveying his interest in the land to Elizabeth F. Webb and her issue, was the equivalent of a covenant of conveyance by him, and that he took no beneficial interest in the land. (2) That the whole beneficial interest in the land passed to Elizabeth F. Webb, and that the words "her heirs and issue by the said James M. D. Webb," are words of limitation and not of purchase. (3) That if James M. D. Webb took any estate, it was that of a naked trustee, which trust would have been executed under the married woman's act of 1866.

3. Under the most favorable view of the evidence the claimant did not have title to so much of the land as was allowed by the verdict. As there must be another trial, it becomes unnecessary to determine whether there was evidence justifying the charge complained of.

JUNE 15, 1910.

Claim. Before Judge Lewis. Baldwin superior court. April 19, 1909.

*Allen & Pottle,* for plaintiff. *D. B. & D. S. Sanford,* contra.

EVANS, P. J. The executors of Samuel Evans were proceeding to sell a certain tract of land as the property of their testator under an order granted by the ordinary, when W. A. Webb and his sisters interposed a claim to a one-third undivided interest in the land. The claim affidavit was returned to the superior court of Baldwin county, agreeably to the statute in such cases made and provided. On the trial the court allowed the claim affidavit to be amended by striking therefrom all of the claimants except W. A. Webb, and exceptions pendente lite were taken to the allowance of this amendment. It

appeared that the executors and the claimant traced their title from Lueco M. Moore. The executors also set up title by prescription. The deed upon which the claimant relied is as follows:

"Georgia, Baldwin County. This indenture made this the fifteenth day of August in the year of our Lord one thousand eight hundred and fifty-nine, between Lueco M. Moore of the State aforesaid and Baldwin county, on the one part, and James M. D. Webb and his wife Elizabeth F. Webb, of the State aforesaid and Jones county, of the other part, witnesseth, that the said Lueco M. Moore, for and in consideration of the sum of three thousand and eight hundred dollars to him in hand paid at and before the sealing of and delivery of these presents, the receipt whereof is hereby acknowledged, hath granted, bargained, sold, and conveyed, and doth by these presents grant, bargain, sell, and convey to the said James M. D. Webb and Elizabeth F. Webb, their heirs and assigns, that tract and parcel of land situate, lying, and being in the county and State aforesaid [fully described]. To have and to hold the said tract or parcel of land unto the said James M. D. Webb and his wife Elizabeth F. Webb, for her, his wife Elizabeth F. Webb, her heirs and issue by the said James M. D. Webb, she, the said Elizabeth F. Webb, furnishing two thirds of the purchase-money, and the said James M. D. Webb conveying and by these presents do convey unto his wife, the said Elizabeth F. Webb, and her issue by the said James M. D. Webb, his interest in said land, together with all and singular the rights, members, and appurtenances thereof to the same in any manner to his, her, and their own proper use, benefit, and behoof forever in fee simple; and the said Lueco M. Moore for himself, his heirs, executors, and administrators, the said bargained premises unto the said James M. D. Webb and Elizabeth F. Webb, their heirs and assigns, will warrant and forever defend the right and title thereof against themselves and against the claims of all other persons whatsoever."

The title set up by the executors was a deed from C. W. Ennis, sheriff, to Samuel Walker, dated October 7, 1884, conveying two thirds undivided interest in the land described in the deed from Lueco M. Moore, this deed reciting that it was sold by virtue of an execution in favor of Thomas Johnson against Elizabeth Webb; and a deed from Samuel Walker to Samuel Evans, dated November 7,

1885, conveying a two-thirds undivided interest in the same land; and a deed from C. W. Ennis, sheriff, to Samuel Evans, dated December 2, 1884, conveying one third undivided interest in the property described in the deed from Lueco M. Moore, reciting that the land was sold under an execution in favor of Samuel Evans against J. M. D. Webb. A verdict was rendered by the jury in favor of the claimant. A motion for new trial was made by the executors and refused by the court, and they excepted.

1. There is no merit in the exception to the allowance of the amendment striking three of the claimants from the case. Four claimants were asserting title to an interest in the land; three of these voluntarily dismissed themselves from the case. No reason appears why they should remain in the case for the settlement of the respective rights of the executors and the remaining claimant. It was the filing of the claim which made the issue with the executors, and the voluntary withdrawal of three of the claimants from the case was not to.the prejudice of the executors. They can not complain of the amendment. Civil Code, § 5104.

2. The deed from Lueco M. Moore to the Webbs is not drawn with technical precision. However unskillfully a deed may be prepared, it is the duty of the courts to discover and give effect, if possible, to the intent of the parties. This deed was executed in 1859, before the married woman's act, and at a time when the husband's marital rights attached to the wife's property reduced to possession by him, and when a trust could be created for a married woman. The husband and wife jointly furnished the money to pay for the land, and the provision that the husband conveyed his interest to the wife and her issue by him, though he was one of the grantees, was manifestly inserted therein at his instance, and clearly shows that he did not intend to claim any beneficial interest in the land conveyed by the deed. A grantee who accepts a deed is deemed to have expressly agreed to do what it is stipulated in the deed that he shall do. *Ga. So. R. Co.* v. *Reeves,* 64 *Ga.* 492. For the same reason, when Webb and his wife purchased the land from Moore and took a deed from Moore, stipulating that by that deed Webb conveyed to his wife all his interest in the land, the acceptance of the deed by Webb would have the effect of renouncing in favor of his wife and her issue by him all his interest in the land, and the most that he could claim would be as the holder of the naked legal

title in trust for such person or persons as took thereunder the beneficial interest.

The next question in the construction of the deed is to ascertain whether W. A. Webb, the claimant, who was the only child of J. M. D. Webb and Elizabeth Webb in life at the time of its execution, was a joint beneficiary with his mother. The words of the deed will always be construed to have their legal significance, in the absence of a contrary intent plainly manifest in the instrument. The habendum and tenendum clause in this deed is "to have and to hold the said tract or parcel of land unto the said James M. D. Webb and his wife Elizabeth F. Webb, her heirs and issue by the said James M. D. Webb." In cases where there is a limitation over to heirs or issue, the words "heirs or issue" shall be held to mean children. Civil Code, § 3084. But grants to one and "her heirs by a particular person," or "her issue," convey an absolute estate, to the exclusion of any children that may be in life at the time of the conveyance. Civil Code, § 3085. *Whatley* v. *Barker,* 79 *Ga.* 790 (4 S. E. 387); *Johnson* v. *Sirmans,* 69 *Ga.* 617; *Ewing* v. *Shropshire,* 80 *Ga.* 374 (7 S. E. 554). If the grant had been to Elizabeth Webb and "her heirs by the said James M. D. Webb," clearly she would have taken a fee-simple estate, under the above authorities. Likewise she would have taken a fee-simple estate had the grant been to her and "her issue." The grant is to her, "her heirs and issue by the said James M. D. Webb," and the combination of two sets of words of limitation can not by any sort of legal alchemy convert them into words of purchase. We therefore conclude that Elizabeth F. Webb took the full beneficial title; and even if any part of the legal title ever vested in James M. D. Webb, he held it as trustee, and the trust became executed by virtue of the married woman's act of 1866. Two thirds of the tract of land was sold by the sheriff as the property of Elizabeth Webb under process against her, and purchased by Walker, who conveyed it to Samuel Evans. So far as appears in the present record James M. D. Webb had no leviable interest in the land at the time one-third undivided interest was sold by the sheriff as his property and purchased by Samuel Evans. Therefore Samuel Evans obtained title, by virtue of the sales, to only an undivided two-thirds interest in the land.

3. But the executors of Samuel Evans set up that under the two deeds to their testator, his possession until his death and their

possession since then had been adverse, and for such a length of time as to ripen into a good prescriptive title. There was evidence to prove this contention. The court charged, on this subject: "To constitute such a possession on the part of Samuel Evans as would ripen into a prescriptive title, it must appear that it was an exclusive possession, that is, it must be a possession in his own right and exclusive. If he knew of the interest of another party in the land and the party occupied the land at the time he bought the land, his possession or acts of ownership would not be an exclusive possession if that party was also exercising acts of ownership on the land. The occupancy and possession in that event would be the joint occupancy on the part of joint tenants, persons who were jointly interested in the land." The plaintiffs in error contend that there was no evidence to authorize a charge on the theory that Samuel Evans knew of the claim of title to any part of the land by the claimant. Under our construction of the deed, after the sheriff's sale to Walker and Walker's deed to Samuel Evans, he and Mrs. Elizabeth Webb became tenants in common, the former owning a two-thirds interest and the latter a one-third interest in the land. Elizabeth Webb died a year or two ago, leaving the claimant and his three sisters as her heirs at law. As there is to be a new trial, it is unnecessary to sift the evidence to ascertain the correctness of this contention. Under the present record, if the claimant has any title, it is only that of an heir at law of his mother. If the Samuel Evans title by adverse possession had ripened into a prescriptive title before the death of Elizabeth Webb or after her death, the claimant would have no interest in the land. In any event he could not rightfully claim more than a twelfth interest in the whole, and a verdict finding that he was vested with title to a one-third interest is contrary to law and evidence.

*Judgment reversed. All the Justices concur.*