## WEAVER *v.* BANK OF BOWERSVILLE *et al.*

1. A writ of error to review a judgment refusing to grant an interlocutory injunction to restrain a sale by a sheriff of property levied upon by virtue of a fi. fa. will not be dismissed because the bill of exceptions was not served on the sheriff, he not being a necessary party.

2. The judge did not err in refusing to grant an interlocutory injunction.

NOVEMBER 17, 1916.

Petition for injunction. Before Judge Meadow. Hart superior court. January 31, 1916.

*A. S. & Parke Skelton,* for plaintiff.

*W. L. Hodges* and *A. G. & Julian McCurry,* for defendants.

GILBERT, J. A motion to dismiss the bill of exceptions having been duly presented, it is essential first to pass upon that motion, since it raises a question of jurisdiction. The motion is based on the ground that the sheriff, "one of the parties defendant in said case, was never served with a copy of the bill of exceptions, . . never waived or acknowledged service on said bill," citing as authority the case of *Haines* v. *Clary,* 66 *Ga.* 519, where it was held that the sheriff was a necessary party, in a similar case, and not having been served with the bill of exceptions, the writ of error was dismissed. If the law in this respect had undergone no change, the writ of error in this case would necessarily be dismissed. However, what has been termed a "saving act" was passed during the same year in which that decision was rendered. The case was decided during the February term, 1881, of this court. The General Assembly, by an act approved September 28, 1881 (Acts 1881, p. 123), provided, among other things, that "No party shall

be considered as interested in the litigation in the Supreme Court who will not be affected by the judgment to be rendered in that particular case, such as sheriffs upon a money rule, . . and other parties occupying similar positions." Since the passage of this act a sheriff merely making a levy of a fi. fa., and seeking to sell the property levied upon, is not a necessary party to the bill of exceptions in the Supreme Court. It follows that since the sheriff could not be affected by the judgment, and was not a necessary party, service upon him was not essential. *Western Union Telegraph Co.* v. *Griffith,* 111 *Ga.* 555 (36 S. E. 859); *Quitman Oil Co.* v. *Peacock,* 14 *Ga. App.* 550, 552 (81 S. E. 908).

2. The plaintiff sought to enjoin a sale of realty and personalty under a fi. fa. issued against her, on the grounds, that the levy was excessive; that the realty had been conveyed to secure a debt, and no deed reconveying the same to her had been filed and recorded prior to levy; and that the personalty was partnership property. On the hearing the evidence was without conflict that the deed of reconveyance had been recorded before the levy was made. There was no evidence that the personal property was partnership property, though the proof showed that the defendant in fi. fa. owned a half interest; and the entry of levy was so amended that it would proceed against that half interest. There was also sufficient evidence to authorize the judge to hold that the levy was not excessive.

A temporary injunction ancillary to a prayer for cancellation of a deed alleged to be infected with usury can not be granted where the plaintiff does not offer to do equity by paying or tendering the amount due. *Whatley* v. *Barker,* 79 *Ga.* 790 (4 S. E. 387); *Brantley* v. *Wood,* 97 *Ga.* 759 (25 S. E. 499); *Moseley* v. *Rambo,* 106 *Ga.* 601 (32 S. E. 638). It follows from what has been said that the court did not err in refusing an interlocutory injunction.　　*Judgment affirmed. All the Justices concur.*