---

## LANE *et al.* v. CORDELL *et al.*

1. Where a deed conveyed property to "A. and the heirs of her body by O., their heirs and assigns," and the tenendum and warranty clauses provided that the property conveyed was to be held for the use, benefit, and behoof of the said A. and the heirs of her body by O., their heirs, executors, administrators, and assigns, in fee simple, O. warranting the title unto A. and the heirs of her body by O., their heirs, executors, administrators, etc., against the said O., his heirs, etc., and against all

other persons, A. took a fee-simple title to the property conveyed, although she had children in life at the time of the execution of the deed by O.

2. The case stated in the petition shows a cause of action in one of the plaintiffs, and the court erred in dismissing the action upon general demurrer.

JUNE 14, 1917.

Complaint for land.　Before Judge Cox.　Decatur superior court. May 8, 1916.

Alma Lane, and her children, John E., Fannie I., and Bessie L. Lane, by Alma Lane as their next friend, brought suit for the recovery of a certain tract of land, alleging that Alma Lane was the wife of J. Oscar Lane; that while they were husband and wife Oscar Lane executed a deed conveying the property in controversy to Alma Lane "and the heirs of her body by J. Oscar Lane, their heirs and assigns;" that at the time of the execution of the deed John E. Lane was in life, he being the child of Alma and Oscar Lane; and that after the date of the execution of the deed there were born to Oscar and Alma Lane two other children, Fannie I. and Bessie L. Lane.　The tenendum and warranty clauses of the deed were as follows: "To have and to hold the said bargained premises, with all and singular the rights, members, and appurtenances thereunto appertaining, to the only proper use, benefit, and behoof of them, the said Alma Lane and the heirs of her body by J. Oscar Lane, their heirs, executors, administrators, and assigns, in fee simple; and the said J. Oscar Lane the said bargained premises unto the said Alma Lane and the heirs of her body by J. Oscar Lane, heirs, executors, administrators, and assigns, against the said J. Oscar Lane, his heirs, executors, administrators, and against all and every other person or persons, shall and will warrant and forever defend by virtue of these presents."　It was further alleged that the defendants derive their title from J. Oscar Lane.　The court sustained the general demurrer and dismissed the petition; and the plaintiffs excepted.

*W. I. Geer,* for plaintiffs.　*Hartsfield & Conger,* for defendants.

BECK, J. 1.　Under the conveyance to "Alma Lane and the heirs of her body by J. Oscar Lane, their heirs and assigns," Alma Lane took an absolute fee-simple title to the property conveyed. In the case of *McCraw* v. *Webb,* 134 *Ga.* 579 (68 S. E. 324), it appears that in a deed executed before the passage of the married

woman's act, when a trust could be created for a married woman, the grantor conveyed to James Webb and Elizabeth Webb a certain tract of land, and in the tenendum clause it was recited that they were "to have and to hold the said tract of land unto the said James Webb and his wife Elizabeth Webb, for her, his wife Eliza-beth Webb, her heirs and issue by the said James Webb, she, the said Elizabeth Webb, furnishing two thirds of the purchase-money, and the said James Webb conveying and by these presents does convey unto his wife, the said Elizabeth Webb, and her issue by the said James Webb, his interest in said land," with warranty title to James Webb and Elizabeth Webb, and signed by the grantor, Lueco Moore. It was held that the whole beneficial interest in the land passed to Elizabeth Webb, and that the words, "her heirs and issue by the said James Webb," were words of limitation, and not of purchase. Substantially the same principle is ruled in the cases cited in the *McCraw* case. Civil Code, § 3661; *Whatley* v. *Barker,* 79 *Ga.* 790 (4 S. E. 387) ; *Griffin* v. *Stewart,* 101 *Ga.* 720 (29 S. E. 29).

2. Although under the ruling made in the first division of this opinion the title to the property was shown to be in Alma Lane ex-clusively, nevertheless the case should not have been dismissed upon general demurrer; for though the children, inasmuch as they had no interest in the property, were not proper parties to the action, the fact that they had been joined as parties would not work a dismissal of the case upon general demurrer. The court did not pass upon the special demurrers, but disposed of the entire case upon general demurrer. This ruling was error, and the case must be remanded for another hearing.

*Judgment reversed. All the Justices concur.*