## WOOTEN *et al. v.* WESTON.

BECK, P. J. 1. The defendants in the suit were charged with a fraudulent conveyance of their property to their sister, as a part of a scheme to divest themselves of their property so as to hinder, delay, and defraud creditors; and this suit was brought to set aside and cancel the deed. Evidence that the defendants suffered another judgment to be rendered against them at the same term of the court at which the plaintiff in this suit recovered his judgment was admissible to show that the deed first referred to was a part of a scheme to delay, hinder, and defeat creditors, inasmuch as the defendants, who were charged with fraudulently conveying their property to defeat the claims of creditors, by the deed and bill of sale stripped themselves of all property which might have been subjected to the execution in favor of the plaintiff.

(a) Other evidence tending to show that the defendants, charged with the fraudulent conveyance of their property, had divested themselves of title to the greater part of the property possessed by them, was not objectionable on the ground that it was irrelevant and immaterial.

2. An assignment of error upon the overruling of an objection made by movants to a question propounded to a witness is without merit, where the ground of the motion fails to show the answer made to the question.

3. In order to raise a question for decision by this court by an assignment of error upon the admission of the record of a suit between two parties neither of whom was a party to the case on trial, the contents of the record should have been set forth in substance; for in the absence of a statement, in substance, of the contents of the record, it is impossible for the reviewing court to determine the relevancy or materiality of the evidence. Apparently the evidence objected to in this case was irrelevant and immaterial and without injurious effect to either party; and where no injury is shown, no ground for the grant of a new trial appears.

4. While the statement of the contentions of the defendants was brief, it was sufficient to present to the jury the essential contention of the defendants; and if a fuller statement thereof had been desired, a written request to charge upon the subject should have been preferred.

5. The evidence authorized the verdict.

> *Judgment affirmed. All the Justices concur.*

No. 3598. FEBRUARY 12, 1924.

Equitable petition. Before B. W. Fortson, judge pro hac vice. Calhoun superior court. December 9, 1922.

E. R. Weston brought his equitable petition against J. S. Wooten, G. W. Wooten, and Mrs. Annie Price Cain. The latter was the sister of the first two named defendants. It is alleged in the petition, that on November 29, 1913, the Wooten brothers were in possession and the owners of certain lands, of the value of $10,000; that petitioner brought suit against them to the July term, 1913, of the superior court of Calhoun County, and obtained at the De-

cember term of court judgment for the sum of $1599; but while the suit was pending and just prior to the rendition of the judgment, the defendants, Wooten brothers, fraudulently executed to the third defendant, Mrs. Cain, a deed of conveyance to the land mentioned; that the consideration recited in the instrument was $1500; that at the time of this sale the brothers fraudulently executed a bill of sale to their sister of all their personal property, of the value of $3000; that by the execution of this deed and bill of sale the Wooten brothers divested themselves of all their real and personal property, and thereby became insolvent; that no consideration passed from Mrs. Cain to the other defendants; that the deed and bill of sale were executed for the purpose of defrauding, delaying, and hindering petitioners in the collection of their claim, knowing that a judgment would be rendered at the December term against them. It is also charged that Mrs. Cain participated in the fraudulent scheme of her brothers. Defendants filed answers denying the scheme for defrauding, delaying, and hindering their creditors. In the answer it was alleged that the sale of the land was bona fide and for a valuable consideration.

The jury trying the case returned a verdict for the plaintiff. The defendants made a motion for new trial, which was overruled, and they excepted.

*A. L. Miller* and *E. L. Smith,* for plaintiffs in error.
*S. P. Cain,* contra.