*W. C. Munday* and *W. H. Lewis,* contra.

---

## TOWSON *v.* HORN.

HINES, J.   1.   The defendant in error moves to dismiss the writ of error, because the sheriff and the defendant in the trover suit are necessary parties, but are not parties to the bill of exceptions. In the turn which the case finally took, and as no judgments were rendered against these parties, they were nominal parties, and the bill of exceptions will not be dismissed because they are not made parties. *DeVaughn* v. *Byrom,* 110 *Ga.* 904 (36 S. E. 267); Civil Code (1910), § 6176; *Weaver* v. *Bank of Bowersville,* 146 *Ga.* 142 (90 S. E. 864).

2.   The first six grounds of the amendment to the motion for new trial complain of the failure of the court to state to the jury certain contentions of the plaintiff. While the statement of these contentions was meager, it was sufficient to present to the jury the essential contentions of the plaintiff; and. if a fuller statement of these contentions was desired, written requests upon the subject should have been preferred. *Wooten* v. *Weston,* 157 *Ga.* 421 (4) (121 S. E. 806).

3.   In the seventh special ground of his motion for new trial the plaintiff complains of the failure of the court to instruct the jury as to the measure of damages in case they should find that the plaintiff cut the timber in dispute in good faith. The plaintiff claimed title to this timber on the ground that he cut it on land to which he held title. He further contended that, if he cut this timber upon land to which the defendant had title, he did so in good faith. While the trial judge stated to the jury this contention of the plaintiff, he wholly failed to give to the jury any instructions as · to the amount

which the defendant would be entitled to recover if this contention of the plaintiff was found by them to be true. The defendant recovered the proceeds of timber cut and carried away by the plaintiff. If the latter was an unintentional or innocent trespasser, the defendant could recover only the value of the property at the time of conversion, less the value added thereto by the plaintiff in cutting and preparing this timber for market. Civil Code (1910), § 4515. Where in an equitable proceeding the defendant seeks to recover the proceeds of such property, he would be entitled to recover such proceeds less such amount thereof as represents the value added to the timber by the plaintiff in cutting and preparing the same for the market. It was the duty of the court to charge the jury the law as to the measure of damages, and failure to do so was error requiring the grant of a new trial. *Central of Ga. Ry. Co.* v. *Hughes,* 127 *Ga.* 593 (56 S. E. 770); *Central of Ga. Ry. Co.* v. *Madden,* 135 *Ga.* 205 (69 S. E. 165, 3 L. R. A. (N. S.) 813, 21 Ann. Cas. 1077).

4. Counsel for the plaintiff expressly abandons the 13th and 14th grounds of the amendment to the motion for new trial.

5. The assignments of error in the other grounds of this amendment are without merit; and as we grant a new trial, we express no opinion upon the evidence.     *Judgment reversed. All the Justices concur.*

No. 4877. July 15, 1925.

Equitable petition. Before Judge Camp. Laurens superior court. March 14, 1925.

W. F. Towson filed his petition against G. F. Horn and F. C. Tindol. He made the following allegations therein: Tindol is the ex-sheriff of the city court of Dublin. On November 18, 1920, Horne sued out in said court a bail-trover proceeding against the Macon, Dublin & Savannah Railroad Company for two described carloads of ash timber, and said timber was seized by Tindol as sheriff. The railroad company abandoned said property to the levy, and filed no plea nor made any opposition to said proceeding. The property seized was sold by the sheriff upon order of the court, on November 24, 1920, to Horne, for the sum of $275, which is still in the hands of Tindol, ex-sheriff. Said property consisted of about 6,000 feet of ash timber, and was worth $275. Said property was not the property of Horne but was the property of petitioner, and said company was not bound and could not have defended said suit. Under the law petitioner can not file his claim to the proceeds arising from said sale, and is not allowed to intervene in said suit. Horne is not able to respond in damages in a suit to recover against him. The city court of Dublin can not grant petitioner affirmative equitable relief protecting him in the premises. One of the questions in the case that will necessarily

have to be decided involves the title to the land from which this timber was cut, and the city court of Dublin is without jurisdiction to decide this question. Petitioner is the owner of the land from which this timber was cut; it was his timber and not that of Horne, who had no interest in it whatever. Unless injunction is granted, petitioner will be unable to prevent Horne from obtaining a judgment in the city court and recovering the proceeds of the sale of said property unjustly, and leave petitioner without relief. He prays that an injunction be granted, restraining Horne from taking judgment in the city court of Dublin, or from proceeding further in said case in said court; that Tindol be enjoined from paying out the money arising from the sale until the further order of the court; and that Horne be ordered to consolidate the suit pending in the city court with this suit, where affirmative equitable relief can be granted and where the title to the land can be decided. By an amendment petitioner alleged that he acted in the utmost good faith in cutting the timber, thinking it was his own. He owns the land upon which the timber grew, having a good and valid deed thereto, was in possession, and he and his predecessors in title have had possession of the land for thirty years or more; and he believes that he has a good and valid title thereto. The value of said timber has been enhanced by cutting and hauling it to the railroad and laying it on the cars. In its crude state it was not worth more than $5 per thousand, and its value has been enhanced by him to the amount of the difference between $5 per thousand and the present value. If Horne is entitled to recover anything, he can recover only the value of the timber as it stood on the land.

In his answer Horne denied that this timber was the property of Towson, and alleged that he in good faith claimed it as his own. He denied his insolvency, and asserted his ability to respond for the value of the timber. He denied that Towson held title to the land from which this timber was cut, and alleged that the land belonged to him (Horne); that he purchased this land more than twenty years ago, and has been in possession of it since said purchase, and that all of said timber was cut from his land. In his answer C. F. Tindol alleged that he simply held as a stakeholder the money arising from the sale of said timber, and it was immaterial to him to whom said money was awarded; and that he had

no idea of paying out said money to any one except upon some order of some court of competent jurisdiction.

Upon the hearing the court granted a temporary restraining order, to be continued in force until the case was submitted to trial by a jury. An order was duly passed consolidating the trover suit in the city court of Dublin with this case. The jury returned a verdict in favor of the defendant. A decree was rendered, awarding to the defendant the money in the hands of the sheriff, arising from the sale of the timber, and decreeing title to the land to be in the defendant. The plaintiff moved for a new trial upon the formal grounds. By an amendment he added certain special grounds. The first six of the grounds of this amendment complain of the failure of the court to state to the jury certain contentions of the plaintiff. By the seventh ground the plaintiff complains of the failure of the court to instruct the jury as to the measure of damages in case they should find that the plaintiff cut the timber in good faith. In the eighth ground the movant alleges that the court erred in admitting in evidence a sheriff's tax deed and the tax fi. fa. with the entries thereon. These documents are not set out in this ground of the motion, and the contents thereof are not substantially stated. In the ninth ground movant complains that the court erred in not instructing the jury as to what constitutes color of title. In the tenth ground movant alleges that the court erred in failing to charge the jury the elements of possession necessary to ripen the title by prescription under color of title, in immediate connection with the definition of what color of title is. In the eleventh ground movant complains that the court erred in admitting in evidence a deed from Mrs. R. E. Dixon and Lula Wright to Mrs. Carrie F. Watkins, dated January 16, 1899, to 46 acres, being a part of lot 9, over the objection of plaintiff that Lula Wright was a stranger to the title, and no title had been shown in her, and that the title had been shown out of the grantors under a deed from them to one Cook, dated September 24, 1897. In the twelfth ground movant alleges that the court erred in admitting in evidence the deed from Carrie F. Watkins to defendant, dated January 26, 1910, to a part of lot 9, containing 46 acres, over the objection of plaintiff that title had already been shown out of the grantor to W. F. Cook by deed dated September 24, 1897. In the thirteenth ground it is com-

plained that the court erred in passing an order authorizing the jury by their verdict to determine the rightful owner of the lot of land 9, so that the parties to this cause shall be henceforth and forever bound by the verdict and decree which shall be rendered, settling the rights of the respective parties in the claim of title to said land; it being alleged that this order had been signed without having been previously submitted to counsel for plaintiff, and without their knowledge or consent, and without giving them any opportunity to object to the same. The error assigned is that such an order was not warranted by the pleadings in the case, and that the title to the land could not have been adjudicated under the pleadings and was involved only incidentally, for the purpose of determining the title to the timber, the subject-matter of the suit. In the fourteenth ground it is complained that the court erred in entering final decree in said cause, declaring the title to the land to be in defendant as against the plaintiff, because the title to the land was not involved in the suit, and the pleadings did not warrant any such decree, and the case was tried on the theory that title to the land was not involved in the suit except as throwing light on the title to the timber. Thereupon the court passed an order amending the decree in this respect.

The court overruled the motion for new trial. To this judgment the plaintiff excepted. The sheriff and the defendant in the trover suit were not made parties to the bill of exceptions. The defendant moved to dismiss the writ of error on this ground.

*Ira S. Chappell* and *L. L. Porter,* for plaintiff.

*M. H. Blackshear,* for defendant.