## ALLMOND v. JENKINS

RUSSELL, C. J.  1.  "A grantee who accepts a deed is deemed to have expressly agreed to do what it is stipulated in the deed that he shall do." *McCraw* v. *Webb*, 134 *Ga.* 579, 581 (68 S. E. 324), and cit.

2. A court of equity will not give the aid of injunction to a complainant when the effect of the grant of such injunction would be to assist the petitioner to accomplish that which he has agreed not to do; and a party who has agreed that property shall not be subjected to a specified use has no standing in a court of equity, when seeking an injunction which will in effect aid him in devoting the property to a use violative of his undertaking.

3. Consequently, where a petition for injunction to prevent interference with negro tenants of the petitioner shows on its face that the petitioner holds title to the premises sought to be rented under a deed containing a stipulation or agreement that the property shall not be occupied by negroes, such petition shows no equitable right in the complainant, and it is not error to sustain a demurrer thereto based upon such want of equity.

*Judgment affirmed. All the Justices concur.*

No. 5801.  DECEMBER 15, 1927.

Equitable petition. Before Judge Hardeman. Toombs superior court. November 24, 1926.

W. E. Allmond filed a petition against Mrs. Ella Jenkins, alleging that he was the owner of a tract of land as described in two deeds attached to the petition; that there was located on said tract a fifteen-room building which petitioner had rented to Crawford McLeod, colored, who moved therein, and on the same day the defendant forced him to vacate said premises by threats; that thereafter petitioner rented said premises to Bill Grice as a rooming-house for colored people; that Grice placed therein certain furniture, whereupon he was approached by the defendant, who informed Grice that he should not hold said premises, and that if he did he would have to "bare the consequences," and directed him to abandon the same and "force him to vacate" the premises; that there are a number of houses owned and occupied by colored people nearer to the home of defendant than the building owned by petitioner, which is about 150 or 200 yards from the home of defendant; that the defendant avows and states to petitioner that no colored people shall use or hold his property, and that defendant is damaging petitioner and has injured and damaged him in the sum of $500 or other large sum. He prayed that the de-

Deeds, 18 C. J. p. 217, n. 35.
Injunctions, 32 C. J. p. 67, n. 18; p. 192, n. 9.

fendant be enjoined from interfering with said premises or in any way disturbing tenants placed therein by the petitioner. One of the deeds attached to the petition was a warranty deed executed by Mrs. T. C. Smith, trustee of the Primitive Baptist Church of Vidalia, to W. E. Allmond, conveying the property on which is located the house, and containing the following recital: "It is agreed by the parties hereto that said property shall not be occupied by negroes nor used as a cemetery." The other is a warranty deed executed by J. S. Jenkins to Mrs. Smith as trustee, conveying such property, and containing the following stipulation: "It is truly stipulated and agreed that party of the second part shall not use said tract of land for the benefit of negroes in anywise, nor shall it be used for a cemetery." The defendant demurred on the grounds that there was no equity in the petition; that under the allegations the petitioner was not entitled to the relief sought; and that it appears from the petition that if the plaintiff is entitled to any relief, he has an adequate and complete remedy at law, and therefore equity has no jurisdiction to determine the case. The judge sustained the demurrer and dismissed the petition. The petitioner excepted. It is recited in the bill of exceptions "that the plaintiff in the court below, for the purpose of this demurrer, admitted that the defendant is the widow of J. S. Jenkins and his sole heir at law; that she owned the lot bounding the property in question on the east, and that J. S. Jenkins conveyed the property in question, as will appear from the petition."

*Lankford & Rogers* and *Saffold & Sharpe,* for plaintiff.