A89A0381. PENN et al. v. McELHENEY.
(382 SE2d 185)

BANKE, Presiding Judge.

The appellants filed an action to quiet title to 50.28 acres of land located in Jasper County, Georgia. See generally OCGA § 23-3-61. The appellee answered and counterclaimed, claiming to have acquired title to the land through adverse possession. A hearing was held before a special master, whose recommendations were subsequently adopted by the trial court in an order setting forth the following findings of fact and conclusions of law: (1) That the appellants owned fee simple title to the property; (2) that the appellants were entitled to receive the proceeds from the sale of certain mineral deposits which had been removed from the property; (3) that the appellants were indebted to the appellee for real estate taxes the appellee had paid on the property over a period of several years; but (4) that the appellee was entitled to retain the proceeds from the sale of certain timber he

had removed from the land, in the amount of $5,953.87. In this appeal, the appellants take issue with the latter portion of the trial court's order. *Held*:

"[I]n an action to quiet title brought under OCGA § 23-3-60 et seq. . . . , the findings of the Special Master and adopted by the trial court will be upheld unless clearly erroneous. [Cit.]" *Seignious v. MARTA*, 252 Ga. 69, 71 (311 SE2d 808) (1984). The court determined that the appellants were not aware of their ownership of the property at the time that the timber was sold and consequently were doing nothing to manage the property. There was evidence that if the trees had not been removed, they would have become completely worthless within several months due to a pine beetle infestation, which would likely have spread to other timber on the property, rendering it worthless as well. Nevertheless, it does not follow that the appellee is entitled to retain the proceeds from the sale of this timber.

OCGA § 51-12-50 fixes the measure of damages for conversion of timber as follows: "Except as provided in Code Section 51-12-51, where plaintiff recovers for timber cut and carried away, the measure of damage: (1) Where defendant is a wilful trespasser, is the full value of the property [i.e., the timber] at the time and place of demand or when an action is brought without deduction for . . . labor or expense; (2) Where defendant is an unintentional or innocent trespasser . . . , the value at the time of conversion less the value he . . . added to the property." It has been held that the foregoing provisions are also applicable in equitable proceedings wherein a timber conversion claim is asserted against one claiming title to the land through adverse possession. *Towson v. Horn*, 160 Ga. 697 (3) (128 SE 801) (1925).

It is apparent from the trial court's findings that although the appellants were the true owners of the property, the taking of the timber by the appellee was predicated on a good-faith claim of right and did not constitute a wilful trespass. Thus, by the terms of the statute, the appellants were entitled to recover from the appellee the value of the timber at the time of its removal, less any value the appellee may have added to the property. See OCGA § 51-12-50 (2). Since the evidence of record was insufficient to enable the court to calculate what value, if any, the appellee may have added to the property by removing the timber, the judgment of the trial court is reversed, and the case is remanded for a reassessment of the damages owed by the appellee for the removal of the timber, to be calculated in accordance with OCGA § 51-12-50 (2).

*Judgment reversed and case remanded with direction. Sognier and Pope, JJ., concur.*

DECIDED MAY 5, 1989.

*Richard W. Watkins, Jr.,* for appellants.
*Roy R. Kelley III,* for appellee.