A99A2203. MEADOWS v. BARKER et al.
(526 SE2d 643)

JOHNSON, Chief Judge.

Jason Barker and Candace Barker constructed a driveway on their property in Floyd County. W. D. Meadows, the owner of the property north of the Barkers' lot, sued the Barkers in superior court, alleging that the driveway was on his property and asking that the court determine the location of the boundary line between the southern edge of his property and the northern edge of the Barkers' property. The court appointed a special master, who held an evidentiary hearing on the matter. After the hearing, the special master issued his report in favor of the Barkers, finding that the boundary line is located farther north than Meadows claims. The superior court adopted the special master's report as its own order. Meadows appeals from the court's order.

1. Meadows argues that at the hearing the special master erred by allowing the Barkers to introduce three plats and a contract because the Barkers had not shown any of those documents to Meadows before the hearing as required by a prehearing discovery agreement. In support of his argument, Meadows cites *D. Jack Davis Corp. v. Karp,*[1] in which this court upheld a trial court's exclusion of a docu-

---

ment not listed in a pretrial order.

Meadows' reliance on that case is misplaced because here, unlike *Karp*, no prehearing order was actually entered.[2] Although the parties held a prehearing conference with the special master, no binding prehearing order was written, let alone signed, by the parties or the special master. Any discovery agreement that Meadows thought he and the Barkers may have reached at the conference had no effect as an enforceable prehearing order without the signature of the special master.[3]

Moreover, the general rule is that when at trial a party offers evidence which should have been disclosed during discovery, exclusion of the evidence is not the authorized sanction. Instead, the proper sanction is to order a postponement or a mistrial.[4] So even if the documents proffered by the Barkers should have been disclosed to Meadows pursuant to a valid prehearing discovery agreement, the harsh sanction of excluding those documents would not have been authorized because the special master could have instead ordered a continuance to give Meadows time to look at the documents.[5] Meadows, however, did not move for a continuance and instead insisted only on the exclusion of the documents.

The special master in a quiet title action has the right to require the parties to file pertinent evidence.[6] In the instant quiet title case, the special master properly exercised that right by allowing the Barkers to introduce the pertinent plats and contract, all of which provide some evidence of the location of the boundary line in dispute.

2. Meadows further contends that the special master erred in admitting two of the aforementioned plats because they were not properly authenticated. Even if the admissibility of a plat is doubtful, the plat should be admitted for whatever it may be worth to the factfinder, not as original evidence, but as nothing more than a pictorial representation of a matter about which a witness has testified.[7] Here, the special master did not err in admitting the plats because the Barkers presented testimony about the location of the boundary line, and the plats were nothing more than pictorial representations supporting such testimony.[8]

3. Meadows claims that the special master violated the rule of

---

[2] See *Myers v. Myers*, 195 Ga. App. 529, 531 (6) (394 SE2d 374) (1990).

[3] See *Wilson Foods Corp. v. Turner*, 218 Ga. App. 74, 77 (3) (460 SE2d 532) (1995).

[4] *Wilson v. Southern R. Co.*, 208 Ga. App. 598, 603 (3) (431 SE2d 383) (1993).

[5] See *Wilson Foods Corp.*, supra.

[6] OCGA § 23-3-64; *Woelper v. Piedmont Cotton Mills*, 266 Ga. 472, 473 (1) (467 SE2d 517) (1996).

[7] *Dept. of Transp. v. Edwards*, 267 Ga. 733, 738 (3) (482 SE2d 260) (1997); *Clark v. Stafford*, 239 Ga. App. 69, 70 (1) (522 SE2d 6) (1999).

[8] See *Purcell v. C. Goldstein & Sons, Inc.*, 264 Ga. 443, 444 (1) (448 SE2d 174) (1994).

sequestration, which had been invoked at the start of the hearing, by allowing Sharon Barker, Jason Barker's mother, to testify after having been present in the hearing room during prior testimony. The claim is without merit because a violation of the rule of sequestration affects only a witness' credibility and does not render a witness incompetent to testify.[9] Moreover, any ruling allowing an exception to the rule was fully within the special master's discretion and cannot be reversed absent an abuse of that discretion.[10] The special master did not abuse his discretion by allowing Sharon Barker to testify briefly — her entire testimony takes up approximately two pages of the hearing transcript — about how she came into possession of one of the plats discussed above.[11]

4. Meadows complains that the special master improperly allowed the Barkers' attorney to testify during the hearing. The complaint mischaracterizes what took place during the hearing. All of the alleged instances of attorney testimony cited in Meadows' brief are nothing more than appropriate arguments being made by the attorney regarding the admissibility of documents. The complaint is specious.

5. Meadows claims that the special master erred in allowing witness Freeman Davenport to give hearsay testimony about a conversation he had with a now-deceased previous owner of the property in question. Again, Meadows mischaracterizes what occurred at the hearing.

When Davenport began describing his conversation with the previous owner, Meadows objected, and the lawyers had a lengthy argument about the admissibility of the conversation. The special master indicated that the witness should not testify about direct quotes from the conversation. Thereafter, on direct examination, Davenport did not give any hearsay testimony about the conversation. Contrary to Meadows' claim, the special master did not allow hearsay testimony.

Moreover, even if Davenport's testimony concerning his understanding of the location of the boundary line was based in part on hearsay from the prior landowner, his testimony was admissible as competent evidence of an ancient landmark or private boundary.[12]

6. Meadows' challenge to the sufficiency of the evidence supporting the special master's findings is without merit. In a quiet title action, the findings of the special master which are adopted by the trial court will be upheld unless clearly erroneous.[13] In this case,

---

[9] *Bean v. Landers*, 215 Ga. App. 366, 369 (3) (450 SE2d 699) (1994).
[10] *Simonds v. Conair Corp.*, 185 Ga. App. 664, 665 (2) (365 SE2d 507) (1988).
[11] See generally *Monroe v. Kersey*, 207 Ga. App. 108 (4) (427 SE2d 80) (1993).
[12] See *Resseau v. Bland*, 268 Ga. 634, 636 (2) (491 SE2d 809) (1997).
[13] *Penn v. McElheney*, 191 Ga. App. 465, 466 (382 SE2d 185) (1989).

there was substantial testimony and documentary evidence to support the special master's findings that the boundary is in the location claimed by the Barkers, not the location claimed by Meadows. Because the findings are not clearly erroneous, they must be upheld.

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED DECEMBER 8, 1999 —
RECONSIDERATION DENIED JANUARY 7, 2000 —

*Robert N. Farrar*, for appellant.
*Barkley & Garner, Larry J. Barkley*, for appellees.