Pierce *vs.* Brooks.

MARCELLUS A. PIERCE, plaintiff in error, *vs.* F. M. BROOKS, trustee, defendant in error.

52    425
112    761
52    425
113    211
52    425
122    766

Where property is conveyed in trust, and the grantor, who is the trustee, covenants to stand seized and hold the title to the property for the use and benefit of the *cestui que trust*, and any children she may have, free from the control or contracts of any future husband, said *cestui que trust* takes equally with the children that may be born to her.

Estates.   Trusts.   Before Judge JAMES JOHNSON.   Muscogee Superior Court.   May Term, 1874.

For the facts of this case, see the decision.

PEABODY & BRANNON, for plaintiff in error.

W. A. LITTLE, by JAMES M. RUSSELL, for defendant.

WARNER, Chief Justice.

This was a claim case.   A city lot was levied on as the property of Frances C. Dickinson, formerly Frances C. Bridges, and claimed by Brooks, as trustee for her and her minor children.   On the trial of the case, the jury, under the charge of the court, returned a verdict finding one-fifth undivided interest in the property levied on subject to the execution. The plaintiff made a motion for a new trial, which was overruled by the court, and the plaintiff excepted.   The claimant claimed the property under a deed, of which the following is a copy:

"This indenture made the 14th day of February, 1857, between Emeline Bridges, of the one part, and Emeline Bridges, trustee for Frances Catharine Bridges, of the other part, witnesseth, that for and in consideration of the love and affection which the said Emeline has and bears to her daughter, Frances Catharine Bridges, as well as for the sum of $1 00 to her paid, the said Emeline Bridges hath given, granted, bargained, etc., to the said Emeline, trustee as afore-

said, for the uses and trusts hereinafter named, lot two hundred and eighty, in the city of Columbus, containing one-half acre, more or less, to have and to hold, etc., in trust for the sole and separate use and benefit of the said Frances Catharine Bridges, and any children she may have, free from the control or contracts of any husband the said Frances may hereafter marry, and in trust further, that if the said Frances C. should die before the said Emeline, leaving no children, or child living at the time of her death, the property hereinbefore conveyed shall revert to and become the property of the said Emeline, mother of said Frances C. And the said Emeline, the said bargained premises, will forever warrant and defend unto the said Emeline, trustee, against the claims of all persons whatsoever."

Frances C. has four children. The court charged the jury, "that, under the deed, the said Frances C. Dickinson was a tenant in common with her children, and if the jury believed from the evidence that the said Frances C. had four living children, then the interest of said Frances C. in the property was one-fifth undivided interest, and that only such interest was subject to the plaintiff's execution."

The only question made on the argument here was as to what interest Frances C. had in the property, under the deed from her mother. The plaintiff claims that she had the entire interest in the property, and that her children have no interest in it, and in support of that claim the plaintiff cites the case of *Wiley, Parish & Company vs. Smith, 3 Kelly's Reports,* 551. This case, however, differs from that in one essential particular. In this case the property is conveyed in trust, and the grantor, who is the trustee, covenants to stand seized and hold the title to the property for the use and benefit of Frances C. and any children she may have, free from the control or contracts of any future husband she may hereafter marry. In the case of *Robert and wife vs. West & Reid,* 15 *Georgia Reports,* 122, it was held that property bequeathed by will to trustees in trust for the testator's grand-daughter, and to such child or children as she may have, was a good

bequest to the unborn children of one in life, and upon the authority of that case we affirm the judgment of the court below in this case.

Judgment affirmed.