THARP *et al. vs.* YARBROUGH *et al.*[*]

A deed, the consideration of which is love and affection, from A, of the one part, to the heirs of B, of the other part, there being three children of B in life when the deed was executed, passed the title to those three children, and children of B, subsequently born, took no interest thereunder. (Head-note by the court.)

January 26, 1888.

Deeds. Title. Consideration. Before Judge SIMMONS. Crawford Superior Court. March Term, 1887.

Reported in the decision.

L. D. MOORE; W. S. WALLACE & SON, for plaintiffs in error.

GUSTIN & HALL; R. D. SMITH, for defendants.

LUMPKIN, Judge.

The only question presented for adjudication in this case is, whether or not the court below properly construed a certain deed.

The deed begins, "This indenture  .  .  .  .  between Cicero A. Tharp,  .  .  .  of the one part, and the heirs of Robt. A. Tharp,  .  ,  .  of the other part, witnesseth," etc. It conveys the land in controversy to "the heirs of Robt. A. Tharp, their heirs and assigns," in consideration of love and affection, and the sum of five dollars.

_____

*SIMMONS, J., being disqualified, Judge LUMPKIN, of the Northern circuit, was designated to preside in his stead.

At the time the deed was made, Robt. A. Tharp had three children living. Several others were born afterwards. It is conceded that if the deed passed the title to the three children first mentioned only, and that those subsequently born took no interest thereunder, the plaintiffs in the court below could not recover, and that the verdict for defendants was right. The court held that the words, " heirs of Robert A. Tharp," meant his children, and included only those in life when the deed was executed.

There seems to be no difficulty in reaching the conclusion that the word " heirs " in this deed did mean " children," but did it mean only the three then in existence, or will it extend to those who were born afterwards? We think the judge below ruled corrrectly. Every deed must have parties. This deed expressly defines who are the parties to it, viz: Cicero A. Tharp, of the one part, and the heirs of Robt. A. Tharp, of the other part. A deed must not only have parties to it, but they must necessarily be in existence at the time of its execution, unless, by its own terms, it provides a beneficial interest for parties yet to be born. If Mr. Tharp had conveyed to the heirs, or to the children, of his brother, now born or who may hereafter be born, it would seem clear the latter would take an interest under the conveyance when they came into life, but he did not so convey.

It is insisted that by the use of the word " heirs," the donor intended to fix, as the class of persons who should take this land, those who would be the heirs at law of Robt. A. Tharp after his death, and that accordingly his death must be waited for to ascertain precisely to whom the title did pass. At the same time, it is also contended that the word heirs means the "children" of Robt. A. The donor could not have used the word in two senses. He had in his mind the objects of his affection and his bounty, the three children of his brother then *in esse*, and it is not likely that he meant to give his property to the heirs at law of his brother without regard to who they might be,

possibly persons not even related by blood to himself. He must have used the word heirs in the sense of children, and in that sense, it could apply only to children then living. . Surely the donor did not intend to keep the title to this property *in nubibus* till his brother's death. He desired it to vest immediately, and this could only be accomplished by giving the deed the construction herein indicated. .

The case in 33 *Ga.* 454, relied on by the ingenious counsel who appeared for plaintiffs in error, differs from the case at bar in two essential respects: First, the testator there provided a trustee, to whom the title passed under the will, and it was made the duty of this trustee to hold the property for the benefit of the *cestuis que trust.* Secondly, the will gave the property in trust for the benefit of the heirs in law of John P. Vinson, and, as Chief Justice LUMPKIN observes, "By giving the property to the heirs in law of John P. Vinson [testator's son], it shows that the testator looked to the death of his son as fixing the period when the legatees should be ascertained." Mr. Tharp's deed does not convey to the heirs at law, but to the heirs of his brother. It is also true that more liberal construction should be given to wills in favor of persons not born than to deeds, which are contracts between the parties. In addition to what has been already said, the policy of our law favors the vesting of estates, and this is another reason for upholding the construction given to the deed in this case.

Judgment affirmed.