## LOFTON *vs.* MURCHISON *et al.*

A will, made and probated in the year 1847, by which the testator devised to his daughter certain land, "to her and her children, free from the disposition of any future husband," (the daughter then having no children,) conveyed to her an absolute fee; and children born to her after the testator's death took no estate under the will by way of remainder or otherwise.

July 11, 1888.

Wills. Estates. Remainders. Before Judge JOHN T. CLARKE. Early superior court. April term, 1887.

This was an action of ejectment. On the trial, it appeared that the testator's daughter, to whom the land was

devised, conveyed it to the defendants' ancestor in title. This daughter then had no children. She married after the testator's death. The plaintiff is her child. A verdict was rendered for the plaintiff; a new trial was granted, and she excepted. The decision states the other material facts.

BACON & RUTHERFORD and W. D. KIDDOO, for plaintiff.

H. C. SHEFFIELD and R. H. POWELL, by J. H. LUMPKIN, for defendants.

BLECKLEY, Chief Justice.

The will was made and probated in 1847, long before the adoption of the code, for which reason §2250, if not a mere restatement of the prior law, has no application to the case. The rule of decision must be found in the law as it existed when the will took effect.

The testator devised to his daughter certain land " to her and her children, free from the disposition of any future husband." The daughter then had no children, but bore children after the testator's death.

Under one of the resolutions in Wilde's case, 6 Coke R. 17, as heretofore expounded by this court, this devise, creating no express estate for life in the daughter, but connecting unborn children directly with her in conveying the fee, would in England have created an estate tail. *Wiley Parish, & Co. vs. Smith*, 3 *Ga.* 551; *Jossey vs. White*, 28 *Ga.* 270, 271 ; *Sandford vs. Sandford*, 58 *Ga.* 260. The law of Georgia inhibits entails, and by the act of 1821 (Cobb's Dig. 169,) enforces the inhibition by enlarging them into estates in fee simple.

There is nothing in this will to negative an estate tail but the exclusion of the daughter's future husband, and that can have no such effect for the reason that his exclusion is equally consistent with both kinds of estate here in question, to-wit, an estate in the daughter for life only

(with a contingent remainder to unborn children), and an estate tail. The words of exclusion bar marital rights, and would have their office and some effect, no matter which of these estates the testator contemplated. When a third thing is equally compatible with either of two others, it affords no reason for inferring one of the two rather than the other. *Wilkerson vs. Clark*, this term. The words of exclusion count for nothing in the present case. *Butler vs. Ralston*, 69 *Ga.* 485.

Judgment affirmed.