### GRIFFIN *et al. v.* STEWART *et al.*

1. A conveyance to one in trust for a woman and "the heirs of her body," according to the provisions of the code, vests the absolute fee in her, and "the heirs of her body" take no interest under such a conveyance.
2. Where an equitable petition was filed, by persons claiming under a voluntary deed, against the administrator of a deceased person therein named as grantee and also against a judgment creditor of such deceased person and against the administrator of the deceased grantor, for the sole purpose of reforming the deed so as to make the same declare and define the alleged interests of the plaintiffs in the land in such deed described,

the petition in no manner seeking to affect the grantor's estate, that estate had no interest in the litigation and the administrator of the deceased grantor no concern therein; and consequently it was error, upon a demurrer filed by him alone, to dismiss the plaintiffs' action.

3. Upon the hearing of a demurrer to a petition in equity, the court has no power to look beyond the allegations of the petition, or to consider the answer, in order to determine whether a cause of action is stated in the petition.

Argued June 12, Reargued July 19,—Decided July 28, 1897.

Equitable petition. Before Judge Candler. Rockdale superior court. October term, 1896.

*A. C. McCalla* and *E. F. Edwards,* for plaintiffs.

*Capers Dickson* and *George W. Gleaton,* for defendants.

SIMMONS, C. J. In the year 1872, Alexander Means made and executed a deed conveying 300 acres of land to Jas. H. Griffin, as trustee for his wife Susan C. Griffin and "the heirs of her body." In 1885 Mrs. Griffin executed her note for $125 with interest, due in the next October, to Stewart Brothers, and to secure the payment thereof, executed a deed to 40 acres of the land above mentioned, taking a bond for reconveyance upon payment of the debt. She having died, her husband was appointed administrator upon her estate. The note to Stewart Brothers was not paid when due, and they brought suit against Griffin and obtained judgment thereon. They filed a deed in the clerk's office, and had their execution levied upon the land so reconveyed. At the sale this land, the forty acres, was bid in by Gleaton. The sale of this land not bringing enough to satisfy the execution, Stewart Brothers had the latter levied upon the rest of the original 300 acres; whereupon the children of Mrs. Griffin filed their petition in equity, alleging, in substance, that when Means, the grantor, made and executed the deed, he made a mistake therein; that he intended to grant an estate in common to Susan C. Griffin and her children; that he intended to give her only an eighth interest in the land. They prayed that the deed be reformed and made to speak the true intention of the grantor, and that the execution which had been levied upon the land be enjoined. Stewart Brothers, the administrator of Susan C. Griffin, and the administrator of Alexander Means, the grantor, were made

parties defendant. At the hearing of the application for injunction, Stewart Brothers and Griffin answered, and the administrator of the grantor demurred to the petition upon various grounds. The judge sustained the demurrer and dismissed the bill; to which judgment plaintiffs excepted.

1. Since the passage of the act known as the married woman's act, making the wife a feme sole as to her separate property, as embodied in section 2474 of the Civil Code, this court has frequently held that if a trust is created for the sole use and benefit of a married woman, it is executed eo instanti and she takes the property discharged of the trust. The deed under consideration was made and executed after the act of 1866, and Mrs. Griffin took the property discharged of the trust sought to be created therein. The trust element is, therefore, eliminated from the deed, and it should be considered and construed as though made to her directly. So considering and construing it, it will read as a gift to Susan C. Griffin and the heirs of her body. Section 3085 of the Civil Code declares, that "Gifts or grants to one, and the heirs of his body, . . convey an absolute fee." See also *Ewing* v. *Shropshire*, 80 *Ga.* 374, and cases there cited. According to the code and the decisions of this court made thereunder, Mrs. Griffin, as the deed stands, took the absolute fee to the property described therein, and it is bound for judgments rendered against her or her administrator for debts contracted during her life.

2. As before recited, the children of Mrs. Griffin seek to reform the deed and to strike out the words "heirs of her body," and to insert therefor the word "children," which they claim was the true intention of the grantor. If this is done, they would become tenants in common with their mother, and only a portion of the land would in that event be subject to judgments rendered against her estate. Whether this is true or not it is not necessary now to decide, nor whether if the deed is reformed it would apply to all of the children or to those only who were in life at the time it was executed and delivered. The main question argued before us was whether these plaintiffs, being volunteers under the deed, had a right to maintain this action. In looking through the record we have ascer-

tained that this question was made only by the administrator of the grantor. He alone filed the demurrer to the petition upon this ground. We do not think that he had the right to interfere in this litigation and to file this demurrer. The grantor, his intestate, was dead, and his estate was in no way interested in this litigation. A judgment or decree on this petition could not possibly affect the estate. Even if the grantor had been alive, he would have been indifferent, in a legal view, as to what judgment should be rendered.

The administrator of the grantor had no right to interfere in this proceeding, except perhaps to move to strike his name from the petition. Certainly he had no right to raise the point that the petitioners could not maintain such an action against Stewart Brothers and the administrator of Mrs. Griffin. These latter persons, as far as the record shows, did not demur on this ground nor join in the demurrer filed by the administrator of Means. As far as the record shows, they were willing to try the case upon its merits, but a person who has no interest in the subject seeks, by his interference, to deprive them of this privilege. We think, therefore, that the court erred in sustaining, or even entertaining, the demurrer of the grantor's administrator. *Adair* v. *McDonald*, 42 *Ga.* 506; Briegel *v.* Moeller, 82 Ill. 257; Hawes on Parties to Actions, § 26.

3. The order sustaining the demurrer was as follows: "After argument of counsel on the within demurrer and similar denials of the right of plaintiffs to have the deed from A. Means to James H. Griffin, trustee for Susan C. Griffin and the heirs of her body, reformed as set out in the answers of the defendants, and also on the right of plaintiffs to the relief prayed for in their petition, it is ordered and adjudged by the court that the demurrer be sustained and that the petition be dismissed." It seems from this order that the trial judge considered the answers, as well as the petition and demurrer, in coming to his conclusion to sustain the demurrer. It is not proper, in passing upon a demurrer, to look to any allegations in the answer, but only to the allegations of the petition and the grounds of the demurrer. What "denials" these answers made we are unable to say, as they are not incorporated in the tran-

script of the record, and properly so, as they form no part thereof. *Judgment reversed. All the Justices concurring.*