## TAYLOR *v.* BROWN.

1. A deed to land from a husband or father to himself as trustee for his wife and their children born and to be born, clothing him as such trustee with the legal title, and embracing an unlimited power of sale, created an executory trust as to all of the beneficiaries, present and prospective.

2. The fact that after the execution of such a deed the grantor and his wife were left childless did not execute the trust, nor could it become executed so long as the possibility of issue from the marriage of these two remained.

3. A conveyance by the trustee under the power above referred to, though made at a time when there were no living children, nevertheless passed to the person named in that conveyance a good title if when it was executed there was still a possibility of such issue.

4. After the execution of such a conveyance under the conditions above indicated, neither the husband nor the wife had a leviable interest in the land so conveyed.

Argued January 29, — Decided February 25, 1901.

Levy and claim. Before A. F. Daley, judge pro hac vice. Washington superior court. March 5, 1900.

*Evans & Evans* and *James K. Hines*, for plaintiff.
*Rawlings & Hardwick*, contra.

LEWIS, J. To the levy of an execution in favor of Gracie A. Taylor against C. H. H. W. Sheppard and Gracie A. A. Sheppard, upon lands in Washington county, a claim was interposed by T. L. Brown, and was tried in the superior court of that county. The claimant admitted that the defendants in fi. fa. were in possession of the land when the judgment was rendered and when the execution was levied. A deed was introduced by claimant from C. H. H. W. Sheppard, conveying the land in dispute to himself as trustee for his wife, Gracie A. A. Sheppard, "and the children now begotten and hereafter to be begotten by said C. H. H. W. Sheppard." The deed stipulated that the trustee, during his life, should have full control, power and authority to sell or dispose of the land conveyed, without first obtaining any order or judgment of court, and that he should have further power to make such investment of the proceeds of the sale as he might decide upon, without accountability. This deed was executed September 1, 1884, and was duly recorded. At the time of its execution the grantor and his wife had one child, who subsequently died. Claimant also introduced in evidence a deed to the property in dispute from C. H. H. W. Sheppard, trustee, to T. L. Brown, reciting that it was for a valuable consideration, and that it conveyed the property covered by the deed of September 1, 1884, from Sheppard to himself as trustee for his wife and their children, begotten and to be begotten. It appeared on the trial that Sheppard and his wife had then no living

children, but testimony was introduced showing that Mrs. Sheppard was only 32 years old, and that no reason existed why she should not afterwards give birth to children.

1. There can be no question that the deed executed by Sheppard to himself as trustee for his wife and their children, born and to be born, clothed him as such trustee with the legal title to the land. This deed, embracing as it did an unlimited power of sale, necessarily created an executory trust as to all of the beneficiaries contemplated, present and prospective. In the case of *Boyd* v. *England*, 56 *Ga.* 598, it was decided that "a deed conveying land to a husband in trust for the separate use of his wife and her children, born and to be born, clothes him with an executory trust, which does not become executed while the coverture subsists and the children are minors; and so long as the trust is executory the legal title can not vest in the beneficiaries." In the case of *Bailie* v. *Carolina Interstate B. & L. Assn.*, 100 *Ga.* 20, a trust was raised for the benefit of a married woman during her life, with remainder over to her children, and, by the instrument creating the trust, power was conferred upon the trustee to manage the trust estate and in his discretion to make changes in the investment; and to that end the trustee was authorized, with the written consent of the life-tenant during the continuance of her estate, and without her consent after her death, to pledge, mortgage, sell, exchange, or otherwise dispose of all or any portion of the trust property. It was held in that case that the trust created was an active, not a passive one, and remained active until executed; that it extended over both the life-estate and the remainder; that it was not executed as to the life-tenant eo instanti upon its creation, and that it did not become executed after her death during the minority of any of the children. In the case of *Riggins* v. *Adair*, 105 *Ga.* 727, it was held that where, in 1857, one conveyed land to another as trustee, with power to hold the property and its increase for the sole and separate use of the grantor's daughter "during natural life, free from all and every liability of her husband, only as contracted on account of the maintenance, comfort, and support of the said" daughter and her children, and at her death the property was to be equally divided among her children; or in the event she, "who has only a life-estate in said property, shall die without a lawful child or children living, the [trustee named] is to have and to hold said

property and its increase, to be divided equally among the heirs at law of the [grantor]," the trust was executory, at least during the lifetime of the daughter, and did not become executed by virtue of the "married woman's act" of 1866, and that the property was liable for the debts created by the trustee for the benefit of the trust estate.   See also *Pierce* v. *Brooks,* 52 *Ga.* 425; *Sanders* v. *Houston Co.,* 107 *Ga.* 49.

2, 3. It was contended by counsel for plaintiff in error, that inasmuch as the defendants in fi. fa. were childless at the time of the levy of the execution, and as several years had elapsed since Mrs. Sheppard had given birth to a child, the probabilities were that the defendants would not have any more children, and therefore the trust should have been considered as executed and the property as subject to the debts of the husband and wife.   The fact that after the execution of the trust deed the grantor and his wife were left childless does not necessarily execute the trust.   Conceding, as matter of argument, that the chances were against the defendants in fi. fa. having any more children, it does not follow that the trust is not still executory.   This principle was decided in the case of *Sanders* v. *Houston Co.,* above cited, where it was held that where one conveyed by deed property in trust for the sole use and benefit of the latter's wife and children, including those that might thereafter be born to such husband and wife, the trust remained executory, and the legal title continued vested in the trustee so long as any of the children were minors and there was a possibility of further issue of the marriage between the trustee and his wife.   In the present case the plaintiff below offered no testimony to overcome the claimant's evidence as to the possibility of further issue of the marriage of the defendants in execution, which was positive and convincing.   It therefore follows that the deed from the trustee to the claimant passed good title.

4. From the above it must appear that the execution of the deed from the trustee to the claimant left no leviable interest in the land so conveyed in either of the defendants in execution.   The evidence demanding a finding for the claimant, the court below did not err in directing a verdict accordingly.

*Judgment affirmed.   All concurring, except Cobb, J., absent.*