## DAVIS, next friend, *v.* HOLLINGSWORTH.

1. A deed of gift to land, executed and delivered in 1893, directly to a married daughter "and her children or child, should any be born to her" (she having no child at that time), " and in the event [she] should die without any child or children in life, then said land is to revert unto [the donor] if living at the time of reversion, and if not living then to his legal heirs," conveys the fee to the daughter, subject to be divested in favor of the donor or his legal heirs, upon her dying without leaving a child in life at her death.
2. Such a deed conveys no interest in the land to any child of the daughter born after the execution and delivery of the instrument.

Submitted January 29, — Decided April 24, 1901.

Ejectment.    Before Judge Evans.    Bulloch superior court. May 2, 1900.

*Brannen & Moore* and *J. F. Brannen*, for plaintiff.
*Groover & Johnston*, for defendant.

LEWIS, J.   On January 12, 1893, George W. Waters conveyed to his daughter, Mary K. Davis, "and her children or child, should any be born to her," certain land in Bulloch county, the deed stipulating that " in the event the said Mary K. Davis should die without any child or children in life, then said land is to revert unto said George W. Waters, if living at the time of reversion, and if not living then to his legal heirs."    Mary K. Davis had no children at the time this deed was executed, but she subsequently gave birth to a daughter, Leonora Davis, for whose benefit suit in ejectment was brought against Hollingsworth to recover possession of the land in dispute.    At the time of the commencement of this suit Leonora Davis was the only child of Mary K. Davis, but since then a second child has been born.    Hollingsworth claimed under a deed from Jones, to whom Mrs. Davis had conveyed the land.    The suit in ejectment was by agreement tried by the judge of the superior court, without the intervention of a jury, under an agreed statement of facts, the substance of which is contained in the foregoing. Judgment was rendered for the defendant, on the theory that the deed from Waters to his daughter, Mrs. Davis, was an attempt to create an estate tail, and passed the fee to her, and that therefore Hollingsworth took a good fee-simple title from Jones, under whom he claimed.    To this judgment the plaintiff excepts.

We think that there are two insuperable reasons why the chil-

dren of Mary K. Davis, of whom the plaintiff in error is one, can acquire no title to the land in dispute under the terms of the deed to which reference has been made. In the first place, they were not born, or in esse, when the deed was executed and delivered. It is a well-established principle of law that a deed to an immediate estate in land made to a person not in esse is absolutely void. See 9 Am. & Eng. Enc. L. (2d ed.) 131; Devlin on Deeds, § 123; Martindale on Conveyancing, § 34; Tiedeman, Real Prop. § 797; Dupree v. Dupree (N. C.), 59 Am. Dec. 590; Heath v. Heath (N. C.), 19 S. E. 155; Morris v. Caudle (Ill.), 44 L. R. A. 489, and cases cited. In the second place, the legal title was not conveyed to any living person as trustee for such after-born children as the daughter, Mrs. Mary K. Davis, might have. Under the decisions of this court, this course is permissible. See *Hollis* v. *Lawton*, 107 *Ga.* 102. This principle is also recognized in the cases of *Pierce* v. *Brooks*, 52 *Ga.* 425; *Brady* v. *Walters*, 55 *Ga.* 25; *Lee* v. *Tucker*, 56 *Ga.* 9; *Carswell* v. *Schley*, 56 *Ga.* 108; *Boyd* v. *England*, 56 *Ga.* 598; *Adams* v. *Barlow*, 69 *Ga.* 302; *Sanders* v. *Warehouse Co.*, 107 *Ga.* 49; *Taylor* v. *Brown*, 112 *Ga.* 758. This being true, the legal effect of this part of the deed is the same as if it had been made to Mary K. Davis and her children (she having no children at the time), which, standing alone, would create an express estate tail and invest her, under the act of December 21, 1821 (Cobb's Dig. 169), with the absolute fee. Civil Code, § 3085; *Butler* v. *Ralston*, 69 *Ga.* 485; *Ewing* v. *Shropshire*, 80 *Ga.* 382; *Lofton* v. *Murchison*, 80 *Ga.* 391; *Estill* v. *Beers*, 82 *Ga.* 612; *Goodrich* v. *Pearce*, 83 *Ga.* 783; *Baird* v. *Brookin*, 86 *Ga.* 709. If the limitation over had been upon an indefinite failure of issue, the result would have been the same and the absolute fee would have remained in her. *Wiley* v. *Smith*, 3 *Ga.* 551, 562; *Brown* v. *Weaver*, 28 *Ga.* 378. But the fee conferred upon Mary K. Davis, in the manner mentioned, was not absolute under all the terms of this deed of gift, on account of the subsequent words in the habendum : "and in the event the said Mary K. Davis should die without any child or children in life, then said land is to revert unto said George W. Waters if living at the time of reversion, and if not living then to his legal heirs." This is clearly a limitation over upon a definite failure of issue. The habendum of a deed may limit or qualify the estate named in the premises, or granting clause, to accord

with the intention of the parties.    2 Bl. Com. *298.    Much lati-
tude is allowed in this respect, especially in a deed of gift from a
parent.    *Huie* v. *McDaniel*, 105 *Ga.* 319, 322.    And as it is also
competent in this State to limit a fee upon a fee (Civil Code,
§ 3082), the legal effect of these subsequent words, which create a
limitation over upon a definite failure of issue of the first taker, is
to make the fee given to Mary K. Davis by operation of law under
the preceding clause a qualified fee, subject to be divested upon her
dying without leaving a child living at her death, or to become ab-
solute upon her dying and leaving a child in life.    Indeed, this is
not an open question in this State, as a deed identical to the one in
this case was thus construed in *Greer* v. *Pate*, 85 *Ga.* 552.    See
also *Chewning* v. *Shumate*, 106 *Ga.* 752-3.    Consequently, if Mary
K. Davis, the first taker under the deed of gift in this case, dies
without leaving a living child at her death, the fee in the land will
revert to the donor or his legal heirs ; and if she dies leaving a child
in life at her death, the fee will remain in the defendant in error,
or in such person or persons as might then claim title under him.
*Hill* v. *Alford*, 46 *Ga.* 247, 250 ; *Chewning* v. *Shumate*, supra.
It follows, therefore, that with this qualification of the title passing
by the deed of gift from George W. Waters to Mary K. Davis, the
judgment of the court below must be

                    *Affirmed.    All the Justices concurring.*