### BEAUCHAMP *v.* FITZPATRICK *et al.*

1. A deed recited as its consideration the love and affection which the grantor had for his daughter and the children of her body by her husband (naming him) and ten dollars in hand paid, and conveyed certain land to a trustee for the daughter and the children of her body by such husband, "all of the county of Brooks and State aforesaid, . . for the sole and separate use of the said Mary M. [the daughter] and her children as aforesaid, their heirs and assigns." A person alleging that he was the husband and sole heir of one of the children of the daughter of the grantor, and that his wife had died, filed a petition for partition of the land, alleging, that the children of the grantor's daughter and her husband were certain named persons; that one who was named had acquired by purchase the interest of certain other "heirs;" and that the petitioner and certain of the children who were named were tenants in common of the land. It was nowhere alleged that the daughter of the grantor was dead; nor was it alleged what children were in life at the time when the conveyance took effect, so as to fall within the description of "children of her body" then in esse; nor was it alleged that the wife of the petitioner was then in life. *Held:*

(1) That only such children as were in esse when the conveyance took effect acquired any interest under it.

(2) As the petition failed to show that the wife of the petitioner, under whom he claimed, was a child in esse when the conveyance was executed, so as to convey any interest to her, which could pass to him, or to show what children were then in esse, or whether their mother was alive or dead, so as to show what interest, if any, the petitioner had, the petition was properly dismissed on demurrer.

(3) An allegation in a petition for partition that the cotenants of the applicant had received the rents, issues, and profits of the land for more than twenty years and had not paid any part of them to him, but which showed neither adverse possession nor notice to the petitioner, did not render the application for partition demurrable on the ground that it did not show that it was commenced within the period limited by law for the recovery of realty.

Submitted May 7,—Decided October 13, 1909.

Application for partition. Before Judge Mitchell. Brooks superior court. November term, 1908.

*Branch & Snow, W. H. Long Jr.,* and *G. W. Warwick,* for plaintiff.

*Stanley S. Bennet,* for defendants.

LUMPKIN, J. The facts are sufficiently stated in the headnotes. It was contended that the deed conveyed a fee-simple title to the daughter of the grantor. That such was not the case if there were children in esse when the conveyance was made is clearly shown by the decision in *Plant* v. *Plant,* 122 *Ga.* 763 (50 S. E. 961), and the cases there cited. If there were no children then in esse, the words, "children of her body" by her husband named, would be treated as words of limitation and fall within the rule in *Ewing* v. *Shropshire,* 80 *Ga.* 376 (7 S. E. 554). The petition failed to allege facts necessary to show that the petitioner had any interest in the land, or, if so, what it was. A mere general allegation that the children of the grantor's daughter by her husband were certain persons was not sufficient to show that they or any of them were in life when the conveyance was made. Nor was it enough to allege in general terms that the petitioner claimed a certain fractional interest and that certain other persons claimed other fractional interests. The deed under which they derived title, if at all, being set out, it was necessary for the plaintiff to show that he and his alleged cotenants took under the description contained in it. The petition failed to allege a case entitling the petitioner to partition, and it was properly dismissed on demurrer. The other rulings in regard to the demurrer sufficiently appear from the headnotes.

*Judgment affirmed. All the Justices concur.*