POWELL et al. v. JAMES.

LUMPKIN, J.   1. Where a deed conveyed an immediate estate, with present enjoyment, to a woman and her children, the title vested in the woman and such children as she had in life, as tenants in common, and children thereafter born to her took no interest under such deed.  *Plant* v. *Plant,* 122 *Ga.* 763 (50 S. E. 961), and citations.

2. Where a deed of the character indicated in the preceding headnote was executed, and thereafter the woman conveyed the land in fee simple to a third person, and later an action to recover undivided interests and to have a partition was brought against the grantee by all of the children of the woman, including both those in life at the date of the first deed and those born thereafter, and where the allegations of the petition showed that the grantee from the woman had held adversely to the children for more than seven years, so that prescription had ripened against those of them who took an interest under the original conveyance, and that the other plaintiffs took no interest, the petition was properly dismissed on demurrer.

(a) While the deed to the woman and her children had the legal effect stated in the first headnote, it contained also explanatory statements as to the motive which caused it to be made as a part of the plan by the maker of the deed to give property to his children after their

marriage; so that the deed as a whole did not necessarily negative good faith on the part of the purchaser from the woman, and, taking the allegations of the petition most strongly against the pleader, color of title and possession for the necessary time and of the requisite character to create a prescriptive title, after the children who took as tenants in common with their mother became of age, appeared.

*Judgment affirmed. All the Justices concur.*
JUNE 11, 1914.

Complaint for land. Before Judge Worrill. Early superior court. April 10, 1913.

*W. I. Geer,* for plaintiffs. *Little, Powell, Hooper & Goldstein* and *Rambo & Wright,* for defendant.