## HANDY *v.* HANDY *et al.*

GILBERT, J. Mamie Handy brought an action against her husband, George Handy, for partition of described land, alleging that she owned a one-half undivided interest in the land and that the defendant was the owner of the other one-half interest. The defendant filed an answer denying that the plaintiff had any interest in the land, alleging that she was a stranger to the title and had never had any interest in the property; that the property was bought by him with money of his former wife, Annie Handy, and that the title to the same was taken in the name of the respondent, his former wife, deceased, and their children; that at the time of the purchase of the land he intended the title to be conveyed to himself and the children of his former wife, and never intended that Mamie Handy, his present wife, should have any interest therein. On the trial the plaintiff introduced a deed from "Elam A. Balkcom to George Handy, his wife, Annie Handy, and their children," of Bibb County, conveying the tract of land sought to be partitioned. It was agreed, by the parties, that George Handy and Annie Handy were married and living together as man and wife

until about 1912, at which time Annie Handy, the former wife of George Handy, died; that subsequently, in the year 1916 or thereafter, George Handy was intermarried with one Mamie Handy; that there has been no other marriage by George Handy; that the property was purchased after the death of Annie Handy and after the marriage of George to Mamie Handy; that George and Mamie had been separated about four months prior to the trial; that there was no issue of their marriage; and that three children, the issue of the marriage between George and Annie Handy, are now living and were living at the time of the execution of the deed. These children were defendants and were represented by guardians ad litem. The plaintiff offered parol evidence of the real-estate agent who closed the transaction with the defendant for the land, tending to show that at the time of the trade and prior thereto the plaintiff "wanted her name incorporated in there [the deed], and he [defendant] was slow about doing it." The court, on objection, rejected the evidence and the plaintiff assigned error on the ruling. The plaintiff offered the further evidence of the same witness, to the effect that " at the time of the execution of the deed, by direction of George Handy, the title to the property was to be in his wife, then living, and himself and children." This evidence, on objection, was disallowed, and the plaintiff assigned error. The plaintiff offered to testify as follows: "That she gave her husband, George Handy, two hundred dollars on the purchase-price of this property, and that the said George Handy told her that he would not put her name in the deed as Mamie Handy, for the reason that he had one child named Mamie, and that he would call her Annie for the purpose of making the deed, which agreement was made just before the execution of said deed." This evidence also was rejected, and error was assigned. At the conclusion of the evidence the court directed a verdict for the defendant. The plaintiff excepted. *Held:*

1. Where a deed is plain and unambiguous, parol evidence is not admissible for the purpose of explaining the same or showing the intention of the parties to be different from the terms stated therein.

(a) The deed conveying the land in question is not, in its entirety, incorporated in the brief of evidence, but the portion which is incorporated and sought to be explained by parol evidence is unambiguous; and therefore the court did not err in refusing to permit parol evidence for the purpose of varying its terms.

2. One of the grantees in the deed was the deceased wife of the defendant, George Handy. "It is a well-established principle of law that a deed to an immediate estate in land made to a person not in esse is absolutely void." *Davis* v. *Hollingsworth*, 113 *Ga.* 210, 211 (38 S. E. 827, 84 Am. St. R. 233), and authorities cited; 1 Devlin on Real Estate (3d ed.), 273, § 187. This principle has uniformly been recognized by this court. *Plant* v. *Plant*, 122 *Ga.* 763 (50 S. E. 961); *Butt* v. *Jackson*, 148 *Ga.* 672 (97 S. E. 854).

3. There being other grantees named in the deed who were in esse, the failure of the grant, in so far as the deceased grantee is concerned, does not invalidate the grant as to those living.

4. Under the terms of the deed in question, Mamie Handy took no interest, she not being named as one of the grantees therein.

(a) Whether, in an equitable proceeding the deed could be reformed on the ground that it should have named Mamie Handy as one of the grantees and failed to do so by a mistake of the scrivener, and also whether, in an equitable proceeding, Mamie Handy could obtain a decree setting up an equitable interest, is not decided, since the present action is purely a statutory proceeding for partition.

5. It follows from the rulings in the preceding headnotes that the court did not err in directing a verdict for the defendant.

*Judgment affirmed. All the Justices concur.*

No. 3281. DECEMBER 15, 1922.

Application for partition. Before Judge Malcolm D. Jones. Bibb superior court. April 17, 1922.

*Jesse Harris,* for plaintiff.

*Brock, Sparks & Russell,* for defendants.