[No. 17614.   Department Two.   March 30, 1923.]

THOMAS J. EVES *et al., Respondents,* v. CHRISTINA
ELIZABETH BLAZEWICH, *Appellant,*
HARLEM D. EVES, *Defendant.*[1]

DEEDS (37)—CONSTRUCTION—ESTATES AND INTERESTS CREATED—
"CHILDREN"—RIGHTS OF AFTER-BORN CHILDREN. A deed of indenture
to E. and her children, is a grant in *præsenti,* to her and existing
children, with present enjoyment to the marriage community and
children as tenants-in-common, where no intention is shown to in-
clude after-born children.

Appeal from a judgment of the superior court for Clarke county, Simpson, J., entered May 4, 1922, in favor of the plaintiffs, in an action to construe a deed, tried to the court. Affirmed.

*A. L. Miller, W. Y. Masters,* and *L. H. Tarpley,* for appellant.

*McMaster, Hall & Schaefer,* for respondents.

PEMBERTON, J.—The purpose of this action is to procure a construction of a deed from John H. Pieper

[1]Reported in 213 Pac. 936.

and Elizabeth Pieper, his wife, to their daughter, Clara A. Eves, and her children, as follows:

"This Indenture, made the twenty-ninth day of July in the year of our Lord, one thousand eight hundred and ninety eight, between John Pieper and Elizabeth Pieper of the first part of Multnomah Co., Oregon, and Clara A. Eves and her children of Multnomah County, Oregon, the parties of the second part, Witnesseth, That the said parties of the first part, for and in consideration of the sum of $1,050.00 (One Thousand and Fifty and no/100 Dollars), lawful money of the United States of America, to them in hand paid by the said parties of the second part, the receipt whereof is hereby acknowledged, has granted, bargained, sold, conveyed, and confirmed, and by these presents do grant, bargain, sell, convey and confirm unto the said parties of the second part, and to their heirs and assigns, forever, all that certain lot, piece or parcel of land situate, lying and being in the County of Clark, State of Washington, and bounded and particularly described as follows, to-wit:

"The Southwest one-fourth (¼) of Section Thirty-three (33) in Township Four (4) North, Range Two (2) East of the Willamette Meridian, containing one hundred sixty (160) acres of land, more or less.

"In Witness Whereof, the said parties of the first part have hereunto set our hands and seals the day and year first above written.
Signed, sealed and delivered in the presence of:

| M. B. Locke | John H. Pieper. (Seal) |
| F. S. Locke | Elizabeth Pieper. (Seal)" |

The appellant, Christina Elizabeth Blazewich, is a daughter of Clara A. Eves, born after the execution of deed. Appellant contends that her mother took a life estate in the property; that the fee vested in herself and her brothers and sisters, subject to the life estate; that the term "children" as used in the deed is a word of purchase; that, under the law, in a grant to a woman and her children, the children

take as a class and the remainder opens up to admit after-born children. In support of this contention, appellant presents the following authorities: *Cessna v. Cessna,* 67 Ky. 516; *Fales v. Currier,* 55 N. H. 392; *Kay v. Connor,* 8 Humph. (Tenn.) 624, 49 Am. Dec. 690; *Crawford v. Forrest Oil Co.,* 208 Pa. St. 5, 57 Atl. 47; *Blackburn v. Blackburn,* 109 Tenn. 674, 73 S. W. 109; *White v. Williamson,* 2 Grant Cas. (Pa.) 249; *Haskins v. Tate,* 25 Pa. St. 249; *Coursey v. Davis,* 46 Pa. St. 25; *Carr v. Estill,* 55 Ky. 309; *List v. Rodney,* 83 Pa. St. 483; *Frank v. Unz,* 91 Ky. 621, 16 S. W. 712; *Martin v. Martin,* 52 W. Va. 395, 44 S. E. 198; *Walford v. Morgenthal,* 91 Pa. St. 30; *Hague v. Hague,* 161 Pa. St. 643, 29 Atl. 261, 41 Am. St. 900; *Tygard v. Hartwell,* 204 Mo. 200, 102 S. W. 989; *Bowers v. Bowers,* 51 Tenn. 293.

At the time of the execution of the deed in question, Clara A. Eves was a resident of Clarke county, Washington, living with her husband, Thomas J. Eves, and their two children, and subsequently, and more than nine months thereafter, the appellant and her minor brother, Harlem D. Eves, were born.

It is the contention of respondents that Clara J. Eves and her husband, Thomas J. Eves, and their two children, Ralph H. Eves and James S. Eves, take as tenants in common and that the after-born children are excluded.

Many of the authorities cited by appellant are cases wherein the grantors intended to vest a life estate in the mother and the fee in the children. There can be no question but what the contention of appellant is the rule in the states of Kentucky and Pennsylvania, and probably in Tennessee and Missouri.

"According to what may be termed the primary rule of construction, where the conveyance is expressed to

be one 'and his children,' or to one and his children, naming them, and there are children living, the parent and the children then in being will, in the absence of anything to warrant a different construction, take . . . as tenants in common." L. R. A. 1917B, p. 77.

"The two presumptions, that where a conveyance is to one and his children the parent and children were intended to take concurrently, and that only existing children were intended to take, will yield to indications of a contrary intention." L. R. A. 1917B, p. 79.

It was held in *Livingston v. Livingston*, 16 Lea (Tenn.) 448, that a deed to Mary W. Livingston, the wife, and his children was plainly *in praesenti* to the grantor's wife and his then children, and that after-born children had no interest in the property.

In the case of *Porter v. Lancaster*, 91 S. C. 300, 74 S. E. 374, a deed by a husband to his wife "and the issue of her body by me, Charles Smith," was held to vest the property in the wife and the issue of her body by the grantor living at the time of the execution of the deed, as tenants in common.

In the case of *Gay v. Baker*, 58 N. C. (5 Jones, Eq.) 344, 78 Am. Dec. 229, conveying property to a trustee "for the proper use, behoof and advantage of my daughter aforesaid, together with her children aforesaid", it was held that the whole equitable interest vested in the mother and the children then born, to the exclusion of after-born children.

In the case of *Brabham v. Day*, 75 Miss. 923, 23 South. 578, the court, in considering a conveyance to Eliza Day and her children, gave the estate to Eliza Day and her children as tenants in common.

In *Powell v. James*, 141 Ga. 793, 82 S. E. 232, the court held that a deed conveying an estate to a woman and her children vested title in the woman and the

children living at the time of the conveyance as tenants in common, and the after-born children had no interest in the property.

In the case of *Moore v. Lee,* 105 Ala. 435, 17 South. 15, the grantor conveyed certain land to Ida B. Lee, and the children then living were held to own the property jointly.

See, also, notes L. R. A. 1917B 80.

We are satisfied that the deed in question, being one of indenture and showing no intention to include after-born children, conveyed an immediate estate with present enjoyment to the marriage community of Clara A. Eves and her husband and her children, and the title vested in the community and children living at the time of the conveyance as tenants in common, and that appellant, born thereafter, has no interest in the property so conveyed.

The judgment of the trial court will be affirmed.

MAIN, C. J., FULLERTON, PARKER, and TOLMAN, JJ., concur.