## MEDLOCK *v.* BROWN *et al.*

A conveyance of land by a deed to A, "as trustee for B [a married woman] and her children," included as beneficiaries of the trust not only the married woman named and her children who had been born and were then living, but also a child en ventre sa mere and which was born living within a little over a month subsequently to the execution and delivery of the deed.

No. 5708.    JANUARY 13, 1927.

. Equitable petition. Before Judge Hardeman. Emanuel superior court. October 12, 1926.

*Hinton Booth,* for plaintiff.

*Lankford, Rogers & Newton,* and *J. Alex. Smith & Son,* for defendants.

BECK, P. J. On June 22, 1926, Mrs. Mamie F. Medlock filed her petition against her sister, Mrs. Annie W. Brown, and her brother, Marion G. Wells, alleging her ownership in common with the two defendants of a certain 229-acre tract of land in Emanuel County, Georgia, each a one third undivided interest, and praying that her title to a one third undivided interest in said land be declared and established by judgment of the court, and that partitioners be appointed to partition the same into three equal portions, according to valuation; and also praying judgment against Marion G. Wells, one of the defendants, for the rent of her one third share in said land for a period of four years prior to the filing of the suit.

In the petition it is alleged, that on November 27, 1874, Owen Spence made and delivered to William B. Francis, as trustee for Mary F. Wells and children, a deed conveying the land in question; that at the date the deed was executed and delivered Mary F. Wells had one child already born, now Annie W. Brown, whose

Child, 11 C. J. p. 752, n. 96.
Deeds, 18 C. J. p. 328, n. 76.
Trusts, 39 Cyc. p. 199, n. 50.

birth occurred on March 22, 1873; that on January 6, 1875, Mary F. Wells had a second child born to her, the plaintiff in this case, she having been en ventre sa mere at the date of the execution and delivery of said deed; that the legal effect of said deed was to vest title in Mary F. Wells and her two children, Annie W. and Mamie F., in common, each a one third undivided interest; that Mary F. Wells died on March 16, 1926, but some time prior to her death, in the year 1925, she made a deed to Marion G. Wells, her youngest son, purporting to convey the entire interest in the land, but in effect conveying only her one third interest, so that the land is now owned in common by the plaintiff and the two defendants, Annie W. Brown and Marion G. Wells, each a one third undivided interest. Each of the defendants filed a demurrer and an answer to the petition. The court dismissed the petition upon the general demurrer, and the plaintiff excepted.

In their briefs counsel agree that the sole question for determination by this court is, whether the deed made in 1874 by Owen Spence to William B. Francis, as trustee for Mary F. Wells and her children, vested any interest in a child that was born to Mary F. Wells one month and ten days after the execution and delivery of the deed. In this case Mary F. Wells deeded her interest in the land to Marion G. Wells; and Annie W. Brown, the other defendant, was the only child that Mary F. Wells had born to her, and was in life at the time the deed of November 27, 1874, was executed and delivered. Mamie F. Medlock, the plaintiff, claims title to a one third undivided interest in the land in controversy, as tenant in common with the two defendants, as she was born unto Mary F. Wells within a month and ten days after the date of the deed. It is contended by defendants that a deed made to a trustee for a named woman and her children passed title only to her and the children which had been born before the execution of the deed and were in life at the time of the making of the deed; and that afterborn children do not take, although they might have been en ventre sa mere at the time of the execution and delivery of the deed. Counsel urge as authority for their position the case of *Hollis* v. *Lawton,* 107 *Ga.* 102 (32 S. E. 846, 73 Am. St. R. 114), and cases stating a similar doctrine. In that case it was said: "A conveyance of land by deed to one as

trustee for 'his wife and the children issue of their marriage' included, as beneficiaries of the trust, only the wife and such of her children of the marriage with the trustee as were in life at the time of the execution and delivery of the deed." And in the course of the opinion it was said further: "On the other hand, if the original trust deed by its terms included not only the living but afterborn children, the trust is still of an executory nature, five of these children still being minors, and the legal title to whatever trust estate remains is in the trustee. After a consideration of several cases decided by this court, bearing upon this subject, we have reached the conclusion that the words of the trust deed of 1873 do not include any children then not in esse. In the case of *Loyless* v. *Blackshear,* 43 *Ga.* 327, it was decided that under a deed conveying land to one in trust for M and her children, M and her children then in life took an estate in the land as tenants in common. . . In the case of *Baird* v. *Brookin,* 86 *Ga.* 709 [12 S. E. 981, 12 L. R. A. 157], it was held, under a deed to A, as trustee for B and her children, B having at the time of its execution no children, that the children of B, born subsequently to the execution of the deed, took no interest thereunder. See also *Tharp* v. *Yarbrough,* 79 *Ga.* 382 [4 S. E. 915, 11 Am. St. R. 439], where it is decided, a deed from A to the heirs of B passed the title to the children' then in life, and no title to children afterborn. The principle upon which these decisions are based is, that when property is conveyed to one and his child or children, without naming the children and without giving any other designation as to what particular children are contemplated, it necessarily refers only to such as are in life at the time the instrument of conveyance goes into effect. So rigidly has this rule been adhered to, that, in the case last cited, the words of the conveyance being to B and her children, afterborn children took no interest in the property, although B had no children at the time of the execution of the deed." The argument in that case is further enforced by the citation of other authorities; and there are other cases cited in counsel's brief laying down substantially the same rule.

But in none of these cases does it appear that the afterborn child was en ventre sa mere at the time of the death of the testator, where a will is relied upon, or at the time of the execution of a

deed, where a deed is relied upon, as creating an estate in the afterborn child. And we are of the opinion that this makes a radical difference,—such a radical difference that where a deed, as in this case, conveys to a named grantee in trust for a woman and her children, this would include a child en ventre sa mere, especially where the unborn child was actually born within a month or two after the execution of the deed, showing that the child which was in its mother's womb had already passed the time when the foetus was quick. We do not think that it makes any difference whether the language in an instrument like that which we have under consideration here is used in a deed or in a will. In the case of *Hollis* v. *Lawton*, supra, in discussing the question the court used the following language: "The rule, then, governing the construction of such words in a deed or will is, that the intention of the maker of the instrument will be construed to refer only to such persons as are in life, unless," etc. And in the case of *Baird* v. *Brookin*, supra, it was said: "We will first discuss whether or not it makes any difference that the paper in question is a deed instead of a will. Under our system we do not think this fact should vary the rule of construction. In the several chapters of our Code relating to the creation of estates, it seems immaterial whether those estates are made by will or by deed. I refer especially to section 2250, which treats of gifts or grants such as would, under the common law, create estates-tail, without making any distinction as to whether such estates are created by deed or will. . . It would seem, then, that no rule more favorable to the interests of children ought to be allowed in the one case than in the other. We have seen what construction has been uniformly put upon wills containing language like that in the deed before us; and on general principles we can see no good reason why such deeds should not be similarly treated." And where language like that which we have under consideration was used in a will, we find that the following ruling has been made by this court: "Where personal property was bequeathed to S. G., and if he should die without any child living at his death, then to the children of L. G. and J. A., and S. G. died leaving his wife enciente with a child, which was afterwards born, and lived for some time, but subsequently departed this life; *held,* that for the purposes of this bequest the child en ventre sa mere

was a child living at the death of its father, S. G." *Groce* v. *Rittenberry,* 14 *Ga.* 232.

And in the case of *Chandler* v. *Chandler,* 147 *Ga.* 561, 565 (94 S. E. 995), it was said: "It will also be noticed that the afterborn child in this case was en ventre sa mere at the date of the execution of the will. For beneficial purposes she will be considered, both under our law and under the common law, as a child in being, and will take directly under the devise to children." In the case of *Gillespie* v. *Schuman,* 62 *Ga.* 252, it was said: "A devise to a woman and her 'children, if any living,' means to her and such children as may be living at the death of the testator. If none be then living, she takes a fee-simple estate and the birth of children subsequently to the death of the testator can not affect the estate conveyed." The Supreme Court of North Carolina, in the case of Heath v. Heath, 114 N. C. 547 (19 S. E. 155), held: "A deed to a woman and her children conveys title to a child en ventre sa mere at the date of the conveyance, but not to children born more than one year thereafter." And in the case of Cullens v. Cullens, 161 N. C. 344 (77 S. E. 228, L. R. A. 1917B, 64), the same court held: "Under a conveyance to a woman and her children, they take as tenants in common, so that only those born at the date of the deed take, unless there be a child en ventre sa mere." While it has been directly ruled by this court, that, under a deed to a trustee for grantor's daughter and the children of her body, only such children as were in esse when the conveyance took effect acquired any interest, and that only the children "then in life" took an interest under such a deed (see *Beauchamp* v. *Fitzpatrick,* 133 *Ga.* 412, 65 S. E. 884; *Plant* v. *Plant,* 122 *Ga.* 763, 50 S. E. 961) ; we are of the opinion, under the authorities that we have cited and others that might be here cited, that a child en ventre sa mere, after it becomes quick, is to be regarded as a child in esse, or a child then living. In the case of *Morrow* v. *Scott,* 7 *Ga.* 535, it was said: "Posthumous children, says Chancellor Kent, inherit, in all cases, in like manner as if they were born in the lifetime of the intestate, and had survived him. This is the universal rule in this country. *It is equally the acknowledged principle in the English Law; and for all the beneficial purposes of heirship, a child in ventre sa mere is considered as absolutely born.* 4 Kent's Com. 412. In Wallis v. Hodson, Lord

Hardwicke held that, both by the rules of the common law, as well as by the civil law, a child in ventre sa mere is in rerum natura, and is as much one as if born in the father's lifetime. 2 Atkyns, 116. In Doe vs. Clark, it was held, that an infant in ventre sa mere is considered as born for all purposes which are for his benefit. 2 H. Blackstone, 399. In Hall vs. Hancock, the court ruled that in general a child is to be considered as *in being* from the time of its conception, where it will be for the benefit of such child to be so considered. 15 Pickering's Rep. 255."

Wherefore, we conclude that the court erred in rendering the judgment in this case, which, in effect, denies the plaintiff in error an interest under the deed in question.

*Judgment reversed. All the Justices concur.*