## BANK OF GRAYMONT *v.* KINGERY.

No. 7579. July 17, 1930.

*Kirkland & Kirkland* and *Price & Spivey,* for plaintiff.
*Grayson C. Powell,* for defendant.

HINES, J. On November 11, 1895, James Rountree conveyed by warranty deed to "Nannie Kingery, and her children now born and those that may hereafter be born, the daughter and grand-children of the said James Rountree," a described tract of land. J. Gordon Kingery, a son of said Nannie Kingery, was born on September 13, 1896. On May 25, 1927, the Bank of Graymont levied an execution which it held against J. Gordon Kingery upon his undivided remainder interest in the above land. Nannie Kingery filed her claim to the interest so levied on. Upon the trial of the issue the judge directed a verdict in favor of the claimant. To this judgment the Bank of Graymont excepted.

1. It is now a well-established principle of law in this State,

that a deed to an immediate estate in land made to a person not in esse is absolutely void. *Davis* v. *Hollingsworth,* 113 *Ga.* 210 (38 S. E. 827, 84 Am. St. R. 233) ; *Powell* v. *James,* 141 *Ga.* 793 (82 S. E. 232) ; *Butt* v. *Jackson,* 148 *Ga.* 672 (97 S. E. 85) ; *Handy* v. *Handy,* 154 *Ga.* 686 (2) (115 S. E. 114). So, where under a will probated in 1847 the testator devised to his daughter certain land "to her and her children," the daughter than having no children, the daughter took an absolute estate, and children born to her after the testator's death took under the will no estate by way of remainder or otherwise. *Lofton* v. *Murchison,* 80 *Ga.* 391 (7 S. E. 322). Where a deed conveyed land to A as trustee for B and her children, B having no children at the time of its execution, the children of B born subsequently to the execution of this deed took no interest thereunder. *Baird* v. *Brookin,* 86 *Ga.* 709 (12 S. S. E. 981, 12 L. R. A. 157) ; *Beauchamp* v. *Fitzpatrick,* 133 *Ga.* 412 (65 S. E. 884). Applying the principle above announced, the conveyance from James Rountree to his daughter "Nannie Kingery, and her children now born, and those that may hereafter be born," vested in a son of the daughter, born after its execution, no interest in the land thereby conveyed; and the trial judge did not err in directing a verdict for the claimant.

There is nothing to the contrary of what is ruled above, in the cases of *Brady* v. *Walters,* 55 *Ga.* 25, *Boyd* v. *England,* 56 *Ga.* 598, *Chess-Carley Co.* v. *Purtell,* 74 *Ga.* 467, *Morris* v. *Davis,* 75 *Ga.* 169, *Toole* v. *Perry,* 80 *Ga.* 681 (7 S. E. 118), *Fields* v. *Lewis,* 118 *Ga.* 573 (45 S. E. 437), *Burney* v. *Arnold,* 134 *Ga.* 141 (67 S. E. 712), *King* v. *McDuffie,* 144 *Ga.* 318 (87 S. E. 22), and similar cases upon which counsel for the plaintiff in error rely. In these cases the instruments dealt with created either trust estates for married women and their children or estates for life with remainders over to children born or to be born. This distinguishes those instruments from the one dealt with in this case.

*Judgment affirmed. All the Justices concur.*