# SINGER *v.* FIRST NATIONAL BANK AND TRUST COMPANY, trustee.

No. 14371. JANUARY 13, 1943.

*Dykes, Bowers & Dykes,* for plaintiff.

*Jones, Jones & Sparks* and *Charles M. Cork,* for defendant.

JENKINS, Justice. While painstaking consideration has been given to the able and exhaustive briefs filed by the attorneys on both sides of this case, which, in addition to the question here decided, deal with many other legal problems that might arise under future contingencies, it is not thought profitable, or even permis-

sible, to undertake at this time to adjudicate any question except the one as to whether or not the plaintiff grandchild of the trustor is now entitled to recover from the trustee his alleged distributive share of the estate. Only time can determine whether it will ever be necessary to determine the other questions which might possibly become involved. The judge who heard the case decided, and we think correctly, that the grandchild of the trustor, who has attained majority and now seeks to recover from the trustee a one-fourth distributive share of the estate, was not entitled to prevail. The testamentary provision simply adds to the fund established by the trust deed, in accordance with the terms of that instrument, and therefore must be construed in accordance with those terms. The Code, § 108-111, in defining executed and executory trusts, declares that "in executory trusts, something remains to be done by the trustee, either to secure the property, to ascertain the objects of the trust, or to distribute according to a specified mode, or some other act, the doing of which requires him to retain the legal estate." If, therefore, under the trust deed, the trustee was directed and is legally entitled to hold the trust estate, not only for the benefit of children now born to the trustor's son, Frank S. Singer Sr., but for the benefit of other children who might hereafter be born to him, then and in such event the trust has not become executed, but remains executory, since it is impossible at this time to ascertain who the ultimate beneficiaries will be, and the trustee would therefore act prematurely and improvidently in distributing funds and property on a basis now existing. Code, § 108-109. Accordingly, it appears to us that the one controlling question now ripe for determination is whether the trustee took the property only for the benefit of the children of the trustor's son, Frank S. Singer Sr., who were in life at the time the deed and the will became effective, or whether the trustee took the property not only for the benefit of such children who were then in life, but also for the benefit of such other children as might thereafter be born.

It has often been held that a grant or devise to A and the heirs of her body, or words of similar import, operates to vest the fee-simple title in A. *Whatley* v. *Barker,* 79 *Ga.* 790 (4 S. E. 387); *Durant* v. *Muller,* 88 *Ga.* 251 (14 S. E. 612); *Griffin* v. *Stewart,* 101 *Ga.* 720 (29 S. E. 29); *Lane* v. *Cordell,* 147 *Ga.* 100 (92 S. E.

887); *Scott* v. *Harley,* 152 *Ga.* 537 (110 S. E. 285); *Mosley* v. *Brown,* 154 *Ga.* 769 (115 S. E. 260). This rule would not apply, however, where a less estate has been carved out, and the term "heirs of her body," or words of similar import, are used in connection with a limitation over in remainder. *Ewing* v. *Shropshire,* 80 *Ga.* 374, 377 (7 S. E. 554); *McArthur* v. *Bone,* 183 *Ga.* 796, 798 (189 S. E. 831). In such a case, A would take only an estate for life, and the "children, and the descendants of deceased children, by representation in being at the time of the vesting of the estate," would "take" the fee in remainder. Code, § 85-504; *Nixon* v. *Nixon,* 192 *Ga.* 629, 632 (15 S. E. 2d, 883), and cit.

A grant or devise without a limitation over, not to A and her "heirs" or "heirs of her body," but to A and her children, where there are no children at the time the instrument becomes effective, operates to vest the full fee-simple title in A. *Lofton* v. *Murchison,* 80 *Ga.* 391, 392 (7 S. E. 322). And the fact that a trustee is named does not change the rule. *Baird* v. *Brookin,* 86 *Ga.* 709, 715 (12 S. E. 981, 12 L. R. A. 157).

A grant or devise to A and her children, where there are children in life at the time the grant becomes effective, operates to vest the full title in A and such of her children who are then in life as tenants in common. *Keith* v. *Chastain,* 157 *Ga.* 1 (2), 3 (121 S. E. 233), and cit.; *Plant* v. *Plant,* 122 *Ga.* 763, 765 (50 S. E. 961); *McArthur* v. *Bone,* 183 *Ga.* 796, 799 (supra); *Tharp* v. *Yarbrough,* 79 *Ga.* 382 (4 S. E. 915, 11 Am. St. R. 439). The rule just stated still obtains, even though the property thus granted or devised be placed in the hands of a trustee, since the mere appointment of a trustee does not have the effect of creating a limitation over or of enlarging in any way the class of beneficiaries who are to take. *Milner* v. *Gay,* 145 *Ga.* 858 (90 S. E. 65), and cit.; *Hollis* v. *Lawton,* 107 *Ga.* 102, 105 (32 S. E. 846, 73 Am. St. R. 114), and cit.; *Beauchamp* v. *Fitzpatrick,* 133 *Ga.* 412 (65 S. E. 884).

Since from its very nature a valid deed requires that there be a party grantee as well as a party grantor, and also requires a delivery and acceptance of the instrument, it has long been recognized that a deed to an immediate estate in land, made directly to a person not in esse, is absolutely void. *Davis* v. *Hollingsworth,* 113 *Ga.* 210 (38 S. E. 827, 84 Am. St. R. 233); *Powell* v. *James,*

141 *Ga.* 793 (82 S. E. 232); *Butt* v. *Jackson,* 148 *Ga.* 672 (97 S. E. 854); *Handy* v. *Handy,* 154 *Ga.* 686 (2) (115 S. E. 114). Accordingly, a grant or devise made directly to A and her children, even though the words born and to be born be added, does not change any of the rules above announced; but in such a case, if there be no children in life at the time the instrument becomes effective, A takes the entire fee; whereas, if there be children then in life, A and such children as are then in life take the fee together as tenants in common. *Bank of Graymont* v. *Kingery,* 170 *Ga.* 771 (154 S. E. 355), and cit.

With these preliminary observations, made for the purpose of differentiating many of the cases cited and contentions by counsel in this case, we now come to the exact question raised by the case before us, where the grant or devise to the children is not in remainder, but where the grant and devise are made to an immediate estate, not, however, directly to A and her children or to A and her children born and to be born, but to a trustee for the benefit of the children of A, born and to be born. Such a conveyance comes within a different rule from those above stated. This is true for the reason that it has long been recognized in this State that "There can be no doubt that real estate can be conveyed *in trust* [italics ours] so as to let in afterborn children as well as those in esse." *Plant* v. *Plant,* 122 *Ga.* 763, 766 (3) (50 S. E. 961). This principle is clearly and emphatically recognized in the opinion rendered by Mr. Justice Lewis in *Hollis* v. *Lawton,* 107 *Ga.* 102 (supra), where it is made plain that in cases of grants or devises to trustees for the benefit of A and her children, the real question is whether the intention of the grantor, as shown by the instrument, is broad enough to clearly include afterborn children. Where a grant or a devise is made to a trustee, and it is specifically provided that the trustee is to hold for the benefit of children born and to be born, there seems to be no doubt that the trustee is entitled to hold and does hold, not only for the benefit of children in life at the time the grant or devise becomes effective, but for the benefit of any children who might thereafter be born. *In re Dougan,* 139 *Ga.* 351 (77 S. E. 158, 48 L. R. A. (N. S.) 868, Ann. Cas. 1914B, 868); *Sanders* v. *Houston Guano Co.,* 107 *Ga.* 49 (32 S. E. 610); *Brady* v. *Walters,* 55 *Ga.* 25, 27; *Boyd* v. *England,* 56 *Ga.* 598; *Lee* v. *Tucker,* 56 *Ga.* 9, 10; *Clarke* v. *East At-*

274

*lanta Land Co.,* 113 *Ga.* 21 (4) (38· S. E. 323) ; *Taylor* v. *Brown,* 112 *Ga.* 758 (38 S. E. 66) ; *Leavitt* v. *Leavitt,* 149 *Ga.* 601, 604 (101 S. E. 670) ; *Pierce* v. *Brooks,* 52 *Ga.* 425, 426; Code, § 108-109; Redfearn on Wills and Administration of Estates, 315, § 178.

It may properly be observed that it is not in all cases where a trust can be created that a trust is actually created either expressly or by implication. In this case, however, the language of the grant and devise is plain and unmistakable that the trustee should hold the property, not only for the benefit of the children who were in life at the time the grant and devise became effective, but that the trustee should continue to hold the property until the youngest child, born or to be born, should attain the age of twenty-five years. This being true, and the establishment of such a trust being authorized, it became the duty of the trustee to hold the property at least until it can be ascertained who the beneficiaries would be at the death of Frank S. Singer Sr. In this State the possibility of issue never becomes extinct during the lifetime of a named parent for whose children, born and to be born, the trust is created. *In re Dougan,* 139 *Ga.* 352, supra.

*Judgment affirmed. All the Justices concur.*